May Term,
1844.

NANCE
v.
DUNLAVY.

*D. H. Colerick* and *T. Johnson*, for the defendants.

---

## NANCE v. DUNLAVY.

If it be the understanding of the assignor and assignee of a promissory note at the time of the assignment, that the assignee need not demand payment of the maker before a certain time, no laches can be imputed to the assignee for not commencing suit on the note before that time.

The assignee of such note obtained judgment on it against the maker on the fifteenth of *March*. *Held*, that the assignee could not, during that month, be charged by the assignor with laches for not having taken out execution.

*Friday,
June 21.*

ERROR to the *Clay* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed in *March*, 1842, by *Webster Nance* against *Daniel Dunlavy*, to obtain a conveyance of a certain tract of land. The following are the material facts:

The complainant, on the 10th of *April*, 1841, purchased of the defendant a tract of land for 650 dollars, and delivered to him in part payment a horse, saddle, and bridle, valued at 100 dollars. He also executed his note to the defendant for 119 dollars and 50 cents, in part payment of the land, payable on the first of *October*, 1841. For the residue of the purchase-money, the complainant assigned to the defendant a note executed by his, the complainant's brother, *James Nance*, which had been for some time due; the complainant saying at the time, that he expected the maker would get money for work done on the public works, and pay the note in the fall. The defendant, at the time of the contract and as a part of it, executed to the complainant a title-bond for

the land, conditioned as follows: "The condition of the above obligation is such, that if the said *Daniel Dunlavy* or his heirs shall well and truly convey to the said *W. Nance* a certain parcel of land, known, &c., (the land is here described,) for and in consideration of 650 dollars; 200 dollars paid in hand; notes given for the remainder, payment of which is hereby acknowledged; I bind myself, my heirs, &c., to make a general warranty deed for the aforesaid tract of land to the said *W. Nance*, his heirs and assigns forever, so soon as the balance on said *Nance's* part is paid to the said *Dunlavy* or his heirs; then this obligation to be void, else to remain in force. In testimony, &c.—*Daniel Dunlavy*, (SEAL.)"

The note for 119 dollars and 50 cents was paid a few days before it became due. In *August*, 1841, the defendant went to see *James Nance*, the maker of the assigned note, who lived in a distant county, and demanded payment of the note. The maker said he could not then pay the note; but he induced the defendant to believe he would pay it; and the parties agreed to meet again on the business in four or five days, at *Franklin*, in the county where the maker lived. The defendant attended at the place on the day appointed, but the maker failed to attend, and had gone out of the county. The defendant then, viz., on the 22d or 23d of *August*, 1841, gave the note to an attorney to collect, and on the 25th of the same month a suit was commenced on the note in the county where the maker resided. The writ, which was returnable on the first day of the then next *September* term, which commenced on the 14th of *September*, was delivered to the sheriff on the 27th of *August*, and was returned "not found." During said term, an *alias* writ was awarded, and the cause continued. The last-named writ was duly executed, and the plaintiff obtained judgment in the suit on the second day of the next term, viz., on the 15th of *March*, 1842. Sometime in that month, the day of which is not shown by the record, the bill in the cause before us was filed.

The Circuit Court decreed in favour of the defendant.

There is no difficulty in this case. We understand by the condition of the title-bond, that the complainant had no right

May Term,
1844.

to demand a conveyance for the land until the purchase-money was paid, or, at least, until there was an offer to pay it on receiving the conveyance at the same time, provided no laches could be imputed to the defendant relative to the collection of the assigned note. There has been no offer to pay the assigned note, which was assigned for the greater part of the purchase-money; and the only question, therefore, in the case is, whether at the time the bill was filed, the defendant could be charged with laches respecting the collection of that note? The evidence satisfies us, that it was the understanding of the parties to the contract, that the defendant was not obliged to call on the maker of the assigned note for payment until the fall of 1841 ; and it is proved that the defendant not only called on the maker for payment, but that he actually commenced suit against him on the note, before that time. It is also proved that judgment was recovered in the suit at the first term after the process was served, and the record shows that before a reasonable time for taking out execution had expired, the bill before us was filed. We think, therefore, that there had been no laches by the defendant in his proceeding on the assigned note when this suit was commenced, and that the complainant has no right to a decree.

*Per Curiam.*—The decree is affirmed with costs.

*J. M. Hanna*, for the plaintiff.

