JACKSON *v.* ADAMSON.

JACKSON
v.
ADAMSON.

If the surety for a debt pay the same before it is due, the payment will, after the debt has become due, but not before, be a legal set-off against his note payable to the principal and held by him.

Such payment is also a good set-off against the said note in the hands of an assignee, if notice of the assignment had not been given to the maker before the payment became a valid demand against the payee.

| 7b 597 |
| 125 436 |

APPEAL from the *Madison* Circuit Court.

*Friday,*
*January* 2,
1846.

SULLIVAN, J.—This was an action of assumpsit brought by *Enos Adamson,* assignee of *Thomas Adamson,* who was assignee of *William Goodwin,* against *Jackson* on a promissory note. The defendant pleaded, 1st, Non assumpsit; 2dly, Payment to *Goodwin,* for that, &c., before the assignment of the note, *Goodwin* was indebted to the defendant in the sum of 500 dollars for money lent and advanced; and for money paid, laid out, and expended for his use and at his request, &c.; and for that the defendant on the 15th of *November,* 1840, as the surety of *Goodwin* and at his request, paid to one *Farnsworth* the sum of 300 dollars, &c. *Similiter* to the 1st plea; and replication to the 2d, denying the payment. By consent of parties the Court tried the cause. Judgment for the plaintiff.

The facts of the case are as follows, viz.: On the 20th of *March,* 1839, *Goodwin,* together with *Jackson* and others as his sureties, executed two writings obligatory payable to *Farnsworth* on the 1st day of *September,* 1841, one for the sum of 300 dollars, and the other for the sum of 80 dollars. On the last-mentioned note there was a credit for 40 dollars. The consideration of the notes was a tract of land sold by *Farnsworth* to *Goodwin.* In *May,* 1840, *Jackson* purchased the same land from *Goodwin,* paid part of the purchase-money, and gave his promissory note to *Goodwin* for the sum of 340 dollars, payable on the 1st day of *September,* 1841, so that the amount and day of payment should correspond with the amount owing by *Goodwin* to *Farnsworth,* and the time at which it would become due. It was agreed between *Goodwin* and *Jackson,* at the time of their contract and when said promissory note was given, that *Goodwin* should

Nov. Term, 1845.

JACKSON
v.
ADAMSON.

exchange said note with *Farnsworth* for the writings obligatory on which *Jackson* was bound as surety for *Goodwin*, and the note was given by *Jackson* on the express condition that it should be so used. In *November*, 1840, *Goodwin* having failed to take up the writings obligatory which *Farnsworth* held, *Jackson* paid to *Farnsworth* the full amount of the debt. In *January*, 1841, *Goodwin* assigned *Jackson's* note to *Thomas Adamson*, and in *July* following *Thomas Adamson* assigned it to the plaintiff.

When *Jackson* lifted the notes held by *Farnsworth*, his liability as the surety of *Goodwin* had not attached. The notes were not yet due, and no default had been made by *Goodwin* in the performance of the engagement, for the fulfilment of which by *Goodwin*, *Jackson* had made himself responsible. The payment, therefore, made by *Jackson* to *Farnsworth*, viewing it in the light merely of a payment by a surety for his principal, was not compulsory but voluntary. A surety is not authorized to discharge a debt, so as to make the principal his debtor, until default has been made by the principal in the performance of his engagement. *Pitman* on Principal and Surety, 130. But if *Jackson* could not, by paying to *Farnsworth Goodwin's* debt before it became due, have a legal set-off against his note in *Goodwin's* hands from the time of such payment; yet, when the notes fell due, such payment would be a legal demand against *Goodwin*, and consequently a set-off against *Jackson's* note in *Goodwin's* hands. If so, it is a good set-off against the note in the hands of an assignee, if *Jackson* had no notice of the assignment; for the statute is express, that the assignee shall allow all just set-offs, discounts, and defence, not only against himself, but against the assignor, before notice of the assignment shall have been given to the defendant.

In the case before us, the plaintiff failed to prove that notice of the assignment had been given to *Jackson*, before his claim against *Goodwin* had become a legal set-off.

We purposely refrain, at present, from inquiring into the effect of the agreement between *Jackson* and *Goodwin*, that the latter should lift, with the note of the former, the notes in *Farnsworth's* hands; and also from considering whether *Jackson* had a right to pay the notes in *Farnsworth's* hands,

so as to discharge the lien which *Farnsworth* had on the land conveyed by *Goodwin* to *Jackson* for the purchase-money. These are matters in defence which it will be time enough to consider when the plaintiff shall have made out his case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith* and *S. Yandes*, for the appellant.

*W. Quarles* and *J. H. Bradley*, for the appellee.