May Term,
1848.

Brown
v.
Robbins.

BROWN *v.* ROBBINS.

Suit by the assignee against the assignor of a note. Suit was not brought against the maker of the note until five months after the date of assignment, and nothing was made. It was proved, that, at the time of the assignment, the defendant stated to the plaintiff that the maker was poor, had been unfortunate, and if plaintiff would wait awhile he would get his money. The defendant demurred to this evidence, and obtained judgment on demurrer. *Held,* that the jury might have inferred that the plaintiff's delay in suing the maker was authorized by the defendant, and no *laches* could be imputed to him on account of such delay, and that plaintiff had a right to recover on the evidence.

Wednesday,
May 31.

ERROR to the *Parke* Circuit Court.

BLACKFORD, J.—Assumpsit by the plaintiff in error against the defendant in error, commenced before a justice of the peace. The suit was founded on the assignment of a promissory note, which note was executed by one *Cloyd.* Plea, the general issue. Judgment of the justice for the defendant. The plaintiff appealed to the Circuit Court. On the trial on appeal, the defendant demurred to the plaintiff's evidence, and the plaintiff joined in demurrer. Judgment on the demurrer for the defendant.

The substance of the evidence was as follows: The note, on the indorsement of which suit was brought, was produced with the indorsement. The note was dated and was due on the 8th of *February,* 1841. The indorsement was made on the 27th of *May,* 1842. It appeared, that on the 27th of *October,* 1842, the now plaintiff, assignee of the note, sued the maker before a justice of the peace, and on the 8th of *November* following, obtained judgment. On the next day after the judgment was rendered, a *fieri facias* issued thereon, and was levied on a horse, which horse was afterwards sold on a pluries *fi. fa.* for one dollar; the officer stating, in his return to the last named execution, that there was "no more property on which to levy."

The plaintiff proved that he gave a valuable consideration for the assignment. He proved that the defendant,

at the time the assignment was made, "stated to the

plaintiff, that *Cloyd* (the maker of the note) was an ho-
nest man, and that, by waiting awhile, he would get his
money; that *Cloyd* had been unfortunate, had had his
house burned, and was under the weather, and to wait
awhile and he, plaintiff, would get his money, or that to
wait awhile, and he thought plaintiff would get his
money." The plaintiff also proved, by the constable who
sold the horse on the execution, that the horse was not of
any value, except that the execution-defendant might
have made some use of him in plowing corn; and that
the purchaser, the plaintiff's agent, left the horse on the
place. It was also proved by the constable, that the sale
was made without appraisement; and that the execution-
defendant had no other property subject to execution.

We think, on this evidence, the plaintiff had a right to
recover. It appears by the evidence that, at the time of
the assignment, the defendant did not think the maker of
the note able to pay it, and did not wish that strict legal
diligence should be used by the plaintiff to collect the
note from the maker. The defendant told the plaintiff,
at the time of the assignment, that the maker was an
honest man, that he was under the weather, and to wait
awhile and he would get his money. The question as to
the admissibility of this testimony of what the defendant
said when he assigned the note does not arise, as no ob-
jection appears to have been made to its admission. It
is clear that a jury might have inferred from that evi-
dence, that the plaintiff's delay in suing the maker,
which was five months from the time of the assignment,
was authorized by the defendant. That being the case,
no *laches* could be imputed to the plaintiff on account of
the time when this suit against the maker was com-
menced. *Nance* v. *Dunlavy*, 7 Blackf. 172. It appears
that, after the suit was commenced, one dollar was all
which, in consequence of the maker's poverty, could be
collected on the note.

The declaration is objected to, because it shows the de-
lay in commencing suit against the maker, without alleg-

ing any excuse for the delay. But the objection would have come too late, even if the suit had been commenced in the Circuit Court; the record showing that the excuse, which was a good one, was proved on the trial. The suit, however, was commenced before a justice of the peace, where no such objection to the declaration can be made at any time. In this case, the mere filing of the note and assignment would have been sufficient.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiff.

*W. P. Bryant* and *A. L. Roache*, for the defendant.