May Term,
1861.

FREE
v.
KIERSTEAD.

---

FREE *v.* KIERSTEAD.

The consent of the indorser of a promissory note that suit against the maker may be postponed, need not be in writing, nor based on a consideration, in order to continue the liability of the indorser.

Where time has been granted, and the license is afterward revoked by the indorser, the indorsee must bring suit against the maker within a reasonable time after notice of such revocation; as the case then stands, as to future time, as if no such consent had been given.

APPEAL from the *Laporte* Common Pleas.

WORDEN, J.—Suit by *Kierstead* as indorsee, against *Free* as indorser, of a promissory note. Judgment for the plaintiff. The paragraph of the complaint out of which the questions involved arise, states that *D. T.* and *John Russell*, on *November* 13, 1856, made their promissory note, payable nine months after date, for three hundred dollars, to *Free*, who indorsed it to the plaintiff. That when the note became due, (*August* 13, 1857,) the defendant directed the plaintiff not to sue upon the note until after *December* 25, 1857; and that on *March* 4, 1858, the plaintiff recovered judgment against one of the makers of the note, the other being a non-resident of the State, in the Court of Common Pleas of *White* county, that being the first term of the Court after *December* 25, 1857. That on the said *March* 4, 1858, an execution was duly issued upon the judgment, and returned by the

Tuesday,
May 28.

sheriff "no property found," &c. That at the time of the recovery of the judgment, both of the makers of the note were, and still are, totally insolvent and had no property subject to execution.

This paragraph was demurred to, and the demurrer overruled.

The objection to the paragraph is that the direction not to sue on the note until *December* 25, was not in writing nor based upon any sufficient consideration. The objection is evidently not well taken. The plaintiff, in order to hold the indorser liable, was required to use due diligence to collect the note of the makers; but the indorser might waive such diligence, and, without writing, or contract based upon a consideration, consent that suit against the makers might be postponed. Where the holder of a note fails to sue the maker, within what would otherwise be regarded as a reasonable time, in consequence of the direction and consent of the indorser, he can not be guilty, thereby, of such laches as will discharge the indorser. *Nance* v. *Dunlavy*, 7 Blackf. 172; *Brown* v. *Robins*, 1 Ind. 82.

To the paragraph in question the defendant answered, among other things, "that after the note became due, and long before the said *December* 25, 1857, to wit: more than three months before that day, and after the alleged direction by the defendant to the plaintiff to give time to the maker of said note, the defendant expressly revoked the said alleged license to wait upon and give time to said defendant (makers?) on said note, and expressly notified said plaintiff that he would not stand liable upon said note, or for the money therein mentioned, unless he the plaintiff should be unable, by due course of law, to collect the money from the makers of the note; and that when he so revoked the alleged license and gave such notice, the makers of said note had sufficient property out of which the money in the note mentioned, could have been made by said plaintiff, by due course of law."

To this answer a demurrer was sustained, and the defendant excepted.

The answer, we think, is good, and the demurrer to it should have been overruled. It avers, sufficiently, that the defendant revoked the authority given by him to the plaintiff, to give further time to the makers of the note, and notified him to sue.

After such revocation and notice, the case stood, as to future time, as if no such consent to delay had been given; and the plaintiff was required to bring suit against the makers, within a reasonable time thereafter. This was not done. The complaint does not allege the insolvency of the makers of the note at any time before the recovery of the judgment against them. The answer alleges that at the time the notice was given they had property out of which the debt could have been made. Had suit been brought within a reasonable time after notice, perhaps the claim could have been collected of the makers.

*Per Curiam.*—The judgment is reversed, with costs.

*J. B. Niles, James Bradley* and *D. J. Woodward*, for the appellant.

*Farrand* and *Weir*, for the appellee.