### RAWLINGS v. FISHER.

PROMISSORY NOTE.—*A* sued *B* upon a promissory note given by him to *C*, and transferred by delivery to *A*. Answer, that *B*, desiring to purchase a certain tract of land of *D*, who was unfriendly to him, procured *C* to make the purchase in his own name, while *B* went upon the notes given for the purchase money, ostensibly as the surety of *C*. In execution of the agreement, *C* conveyed the land to *B*, the latter executing his notes, corresponding to the notes already given by *C* to *D*, upon which *B* was surety, it being at the time agreed that *C* should deliver *B's* notes to *D*, and take up those originally given; that *C*, in violation of the agreement, had assigned the notes of *B* to the plaintiff for his own debt, while *B* had been compelled to pay the notes given to *D*, upon which he was surety.

*Held*, that as the note sued on was not payable in a bank in this state, it was subject to whatever defense, or set-off, the maker had, before notice of assignment, against the payee.

*Held*, also, that the agreement set up in the answer did not vary the terms of the written contract, but went to the consideration of the note, and to show the relation of the joint makers to *D*, the payee, which might be done by parol evidence, even if the legal effect of the writing was changed thereby.

*Held*, also, that in this class of cases circumstances, tending to show knowledge, in the absence of fraud, are not equivalent to notice of assignment. The burden of showing notice is on the plaintiff.

APPEAL from the *Howard* Common Pleas.

GREGORY, J. *Fisher* commenced an action against *Rawlings*, and one *John D. Kirkman*, on the following promissory note:

"*Kokomo, Ind., December 4th*, 1862.

"On or before the 29th day of *November*, 1863, for value received, I promise to pay *John D. Kirkman*, or order, the sum of one hundred dollars, without relief from valuation laws. [Signed]

"WILLIAM H. S. RAWLINGS."

The complaint avers that the payee assigned the note to the plaintiff, by delivery.

The appellant answered in two paragraphs.

1. That he gave the note, and another note of the same date, payable on the 29th day of *November*, 1864, for $65, to defendant *Kirkman*, to secure the purchase money of the undivided one-seventh of certain real estate, describing it; that on the day of the date of the note, *Kirkman* conveyed the land to *Rawlings*, by quit claim deed; that prior thereto, to-wit, on, &c., the defendant *Kirkman*, purchased the land of one *Sarah Small*, for the same consideration, secured by two notes given to said *Sarah* by *Kirkman*, with *Rawlings* as his surety—the one for $100 of date *November* 29th, 1862, payable twelve months after date, and the other for $65, of same date, and payable two years after date; that at the time *Rawlings* purchased the land of defendant *Kirkman*, and at the time of receiving a conveyance therefor, and the giving of the notes, it was agreed, and a part of the consideration of the purchase, that *Kirkman* should deliver the notes of *Rawlings* to the said *Sarah*, and lift from her and cancel, the note so given to her by *Kirkman*, with *Rawlings* as surety, and that the note sued on was executed under that agreement; that at or about the maturity of the note for $100, given to *Small*, a copy of which is filed, the defendant *Rawlings* fully paid the sum therein secured, to *Small*, and that *Kirkman* wholly failed and refused to perform his contract to substitute the notes so given him by defendant *Rawlings*, for those so given to said *Sarah*, but, on the contrary, transferred the same to the plaintiff, by way of security for money advanced to him by the plaintiff. Wherefore the defendant *Rawlings* answers, by way of set-off to the note sued on, &c., the payment by him of said $100 to *Small*.

The note referred to in the answer, is as follows:

                              "*November* 29th, 1862.
"Twelve months after date, for value received, we or

either of us, promise to pay *Sarah Small*, one hundred dollars, without relief from valuation or appraisement laws.

"[Signed] "JOHN D. KIRKMAN,
W. H. S. RAWLINGS."

2. That in *November*, 1862, the de'endant *Rawlings* and *Sarah Small* not being on friendly terms, and, as he learned, she being unwilling to sell him the land described in the first paragraph of the answer, and the defendant *Rawlings* being anxious to acquire title to the land, retained and employed the defendant *Kirkman* to purchase of *Small* the land for him ; it being further agreed between *Rawlings* and *Kirkman*, that the title therefor should be made to *Kirkman*, that *Small* might not know that defendant *Rawlings* was really the purchaser, and that the notes to be given to *Small* for the deferred payments—as *Kirkman's* notes alone for the deferred purchase money; might not be acceptable to and received by *Small*—should be execute by *Rawlings* along with *Kirkman*, ostensibly as *Kirkman's* surety ; that in pursuance of the agreement, *Kirkman*, on, &c., purchased the land of *Small* for $265, paying her $100 in hand, and for the deferred payments executed to her his two notes, with *Rawlings* ostensibly as surety, the one for $100, payable twelve months after date, the other for $65, payable two years after date, and received from *Small* a deed for the premises ; that a few days thereafter, to-wit, on, &c., in pursuance of the previous agreement, *Kirkman* conveyed the land to *Rawlings; that Rawlings* paid *Kirkman* the $100 so paid by *Kirkman* to *Small*, $20 for his services in purchasing the land, and gave him his two notes of like amounts, and payable at the same times as those given to *Small*, upon and with the express agreement that *Kirkman* should transfer and deliver them over to *Small*, for those then held by her, which *Kirkman* was to lift and cancel; that *Kirkman* failed to substitute the notes so given by *Rawlings* to him, for the notes so held by *Small*, and failed to lift the same from her, but, on the contrary, transferred the

notes so given to him by *Rawlings* to the plaintiff, as collateral security for money advanced by the plaintiff to him, and that thereafter, at the maturity of the note so given by *Kirkman* and *Rawlings* to *Small*, for $100, a copy of which is appended to the first paragraph of the answer, the defendant *Rawlings* was compelled to, and did, pay the note for $100 to *Small*, *Kirkman* being wholly insolvent and unable to pay the same or any part thereof, wherefore the consideration of the note sued on has wholly failed.

The appellee filed a demurrer to each paragraph of the answer, the court sustained the demurrers, and the appellant excepted.

The plaintiff dismissed the action as to defendant *Kirkman*, and the court rendered final judgment against *Rawlings* for the amount secured by the note.

The rulings of the court below, on the demurrers to the answer, present the questions for our determination.

This note, not being payable to order or bearer, in a bank in this state, is not negotiable as inland bills of exchange, but whatever defense or set-off the maker had, before notice of assignment, against the assignor, the original payee, he has against his assignee. 2 G. & H. §§ 3, 6, p. 658.

The failure of *Kirkman* to comply with his agreement with *Rawlings*, to substitute the notes of the latter for those of *Kirkman* and *Rawlings* to *Small*, gave *Rawlings* a right of action against *Kirkman*. It is true that *Rawlings'* could recover only nominal damages, until payment of the note to *Small*, but such payment only affected the measure of damages, the right of action being the violation of the agreement made at the date of the note.

It should be stated that this is a case not within the rule, that the terms of a written agreement can not be varied by parol evidence. The agreement of substitution in no way affected the terms of the note ; it went to its consideration, and to explain the relation of the joint makers of the note to *Small*, which may be done by parol evidence, even if

such proof change the legal effect of the writing.    *Rock-hill* v. *Spraggs et. al.,* 9 Ind. 30.

The assignment of this note was by delivery only, which vested in the holder an equitable interest therein, and gave him a right to sue in his own name, by making the payee a party defendant, to answer to his interest.    In such case, the right of the maker to the defense set up is the same as in the case of an assignment by written indorsement.    2 G. & H., § 6, pp. 38, 39, 40.

In this class of cases, circumstances tending to show knowledge, in the absence of fraud, are not equivalent to notice of assignment.    The burden of showing notice is on the plaintiff.    *Jackson* v. *Adamson,* 7 Blackf. 597.    If *Rawlings* had notice of the assignment to the plaintiff before payment to *Small,* it was for the plaintiff to show it.

The judgment is reversed, and the cause remanded to said court, with directions to overrule the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.    Costs against appellee.

*Linsday* and *Lewis,* for appellant.

*R. Vaile,* for appellee.