————o————

## SIMS v. PARKS.

PROMISSORY NOTE.—*Indorser.*—*Extension of Time.*—*Notice to Sue.*—A complaint on a promissory note, against an indorser, alleged, that when the note became due the defendant requested the holder not to sue the maker until further notice from him; that from that date to the commencement of this action said maker had been notoriously insolvent and a non-resident of the State; and that the note was still unpaid.

Answer, that a notice to bring suit had been served on the holder by the indorser some months after the note became due, requiring the holder, as president of a bank where the note was payable, to commence attachment proceedings against the maker and garnish certain persons; and that at the date of the notice the maker had sufficient property which could have been reached by the proceedings so required by the notice.

*Held*, that the complaint was good on demurrer.

*Held*, also, that aside from the question of the negotiable character of the note, admitted by the notice set out, the notice was unreasonable and amounted to no notice whatever, and the answer presented no defense.

APPEAL from the Morgan Common Pleas.

RAY, J.—Suit on a promissory note against the appellant as indorser. The complaint alleges, that when the note became due the appellant requested the holder not to sue the maker until further notice from him, and from that date to the present the maker of said note has been notoriously in-

solvent and a non-resident of the State; and that the note is still unpaid. A demurrer was overruled to this complaint. We discover no error in this ruling.

A second paragraph of answer was filed, alleging, that some three months after the note was due, appellant served a notice upon appellee to bring suit, which notice is set out, and required the appellee, as president of a bank where the note was payable, to commence attachment proceedings against the maker of the note and garnish certain persons.

A third paragraph was filed, which, in addition to the allegations in the second, averred, that at the date of the notice the maker of the note had a sufficient amount of property which could have been reached by the proceedings required to be instituted by the appellant. A demurrer was sustained to each of these paragraphs. Leaving out of view the question whether the notice did not supply the want of the averment in the complaint that the note was negotiable, it seems clear that the requirement that appellee should commence proceedings in attachment and make an affidavit and give bond, was plainly unreasonable, and amounted to no notice whatever. The complaint alleged a request not to sue, and the answers constituted no defense. The evidence sustains the finding.

Judgment affirmed, with ten per cent. damages and costs.

*S. Claypool* and *F. P. A. Phelps,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.