Lowther *v.* Share.

---

LOWTHER *v.* SHARE.

PROMISSORY NOTE.—*Assignor.—Diligence.—Consideration.*—The request of the assignor to the holder not to sue the maker of a promissory note not governed by the law merchant, without any consideration for the delay, is a reasonable and valid excuse for not bringing such suit.

From the Hamilton Common Pleas.

*D. Moss* and *F. M. Trissal*, for appellant.

*T. J. Kane* and *A. F. Shirts*, for appellee.

WORDEN, J.—Suit by the appellee against the appellant. Judgment for plaintiff.   On October 16th, 1865, one W. W. Conner executed a promissory note, payable one day after date, to Lowther, the appellant, who endorsed the same in

blank to one John Hunter, who endorsed the same in blank to Share, the appellee. The evidence strongly tends to show that soon after the plaintiff purchased the note, and before he had lost his remedy against either of said indorsers, the defendant requested the plaintiff not to sue Conner, the maker, thereon, but to give him further time, which was done at the defendant's request; and that finally suit was brought and judgment obtained against the maker, at the request of the defendant, he becoming apprehensive as to the solvency of Conner. The judgment proved to be fruitless, an execution thereon having been returned *nulla bona.*

All the questions raised in the case resolve themselves into the question whether, under the circumstances, the appellant is liable to the appellee on the indorsement. We think, assuming that the delay to prosecute the maker was at the instance of the defendant (a fact which the plaintiff's evidence strongly tended to prove, but about which there was some conflict), the defendant is clearly liable to the plaintiff on the indorsement. Remote indorsers are liable to holders as well as immediate ones. Diligence requires the holder of notes, not governed by the law merchant, to sue the maker within a reasonable time, or show some valid excuse for not doing so, in order to charge the endorser. The request of the endorser not to sue the maker is a reasonable and valid excuse for not bringing such suit, and this without any consideration for the delay. *Free* v. *Kierstead,* 16 Ind. 91. See, also, *Sims* v. *Parks,* 32 Ind. 363.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.