## HAYES *v*. FITCH, ADMINISTRATOR.

BILL OF EXCHANGE.—*Waiver of Demand and Notice.*—Where the indorsers of a bill, by writing on the back of the bill, waived demand of payment and notice and protest without any qualification or limitation, the indorsers could not show a parol agreement between the indorsers and holder, made at the same time the waiver was signed, that the waiver should only extend for a certain time.

SAME.—*Extension of Time by Holder and Acceptor.*—*Burthen of Proof.*—Where an accommodation indorser of a bill answers that the holder and acceptor, by an agreement, for a valuable consideration, extended the time of payment of the bill without the consent or knowledge of the indorser, and a reply in denial is filed, if the defendant prove the extension of time by the agreement of the holder and acceptor, the burthen of proof then shifts upon the plaintiff to show that the defendant had knowledge of and consented to said extension.

From the Ohio Common Pleas.

*W. S. Holman, F. Adkinson, O. B. Liddell,* and *J. Schwartz,* for appellant.

*J. D. Haynes* and *J. K. Thompson,* for appellee.

WORDEN, C. J.—This was an action by the appellee against Hayes, the appellant, Levin B. Lewis, and the Lawrenceburgh Woolen Manufacturing Company, upon the following bill of exchange and the indorsements thereon, the plaintiff's testator having been at the time of his death the indorsee and holder thereof, viz.:

"LAWRENCEBURGH, IND., February 22d, 1869.

"The drawers and indorsers dispense with notice of non-acceptance and non-payment of this bill and protest to be evidence of presentment.

"One year after date pay to the order of myself at the First National Bank, Lawrenceburgh, forty-five hundred dollars, value received, without relief from valuation or appraisement laws, and charge to account of—yours,

"L. B. LEWIS, President.

"To Lawrenceburgh Woolen Manufacturing Company."

Endorsed on the face, "E. D. MOORE, Treasurer."

Endorsed on the back as follows, to wit

"L. B. LEWIS, Pres't.

"E. G. HAYES.

" We, L. B. Lewis and E. G. Hayes, hereby waive demand of payment and notice and protest on the within bill.

" L. B. LEWIS.<br>" E. G. HAYES."

The bill was not paid by the acceptor, the company, and the suit was against it as acceptor, and against Lewis as drawer and indorser, and against Hayes as indorser. On account of proceedings in bankruptcy, the action was suspended as to the company and Lewis, but proceeded to final judgment as against Hayes.

Hayes answered, amongst other things, as follows :

" That he admits the making of said bill of exchange in complaint mentioned, and that he indorsed the same, and that he and said Levin B. Lewis, on the said 25th day of February, 1870, waived demand of payment of said bill and notice of protest of the same; but he says that at the time said defendant and said Lewis signed said waiver of protest the said Enoch Blasdel, then being in life, agreed that the time of such waiver should extend for the time of sixty-eight days, and no longer, and that he would extend the day of payment of said bill for the time of sixty-eight days, and then and there gave to the said woolen manufacturing company his receipt in writing, which reads as follows, to wit :

" ' Received of Lawrenceburgh Woolen Mill Co. interest on two bills I hold on them, for sixty-eight days from the 25th of February, 1870, that is to say, the interest is paid on said bills to May 4th, 1870.

" ' February 25th, 1870.   (Signed.)   ENOCH BLASDEL.'

" And he avers that said bills referred to in said receipt mean the bill in said complaint mentioned and another bill (held) by said Enoch Blasdell on said woolen manufacturing company, which was indorsed by other parties than the said defendant; and said defendant further avers that at the expiration of said sixty-eight days the said Enoch Blasdell failed and omitted to cause said bill to be protested for non-payment, and also to give any notice to the said defendant of the non-payment of said bill."

A demurrer for want of sufficient facts was filed to this paragraph of answer, and sustained. This ruling is assigned for error. The ruling in our opinion was clearly right. The appellant and said Lewis indorsed on the bill a waiver " of demand of payment and notice and protest on the within bill."

The alleged agreement of Blasdel that the waiver should only extend for the period of sixty-eight days contradicts the written agreement of the appellant and Lewis indorsed on the bill. The waiver endorsed on the bill is absolute, unlimited, and unqualified.

We proceed to the other question in the cause. The appellant pleaded, secondly, in substance, that he was an accommodation indorser for the woolen manufacturing company upon the bill, and indorsed the same as the surety of the company; that on the 4th of May, 1870, the said Enoch Blasdel, then being in life, agreed with the manufacturing company to extend the time of payment of the bill for one year from that time, in consideration that the company would pay in advance ten per cent. (interest) thereon for the time of one year, to wit, the sum of four hundred and three dollars and thirty-three cents, five hundred dollars having been previously paid by the company on the bill, leaving a residue unpaid thereon at that date of only four thousand dollars; and the decedent then and there executed to the company his receipt for said interest, a copy of which is set out; that the time for payment was extended, and said agreement for that purpose was made without the consent or agreement of the defendant.

Reply, first, in denial, and, secondly, to the second paragraph of the answer, admitting that the time was extended and given as alleged, but denying that it was done without the knowledge and consent of the defendant.

On the trial and at the proper time, the appellant asked charges to the effect that if he had proved the extension of time by the agreement of the holder and the acceptor of the bill, as alleged in the second paragraph of his answer, the

burthen of proof lay upon the plaintiff to show that the defendant had knowledge of and consented to such extension. These charges were refused, and exception was taken.

As a question of pleading, there is, perhaps, no doubt that it was necessary for the defendant to allege that the agreement for an extension of time was made without his consent. And this pleading being denied, the burthen of this issue rested upon the defendant. It did so because he was bound to prove the agreement for the extension of time. But having proved the agreement for the extension of time, we think the *onus probandi* changed, and that the burden of proving that the defendant consented to the extension rested upon the plaintiff. When the defendant made proof of the agreement for extension of time, he made out *prima facie* a defence, and the burden then rested upon the plaintiff to avoid it by showing the defendant's consent to the extension.

In the case of *Meikel* v. *The State Savings Institution, etc.*, 36 Ind. 355–59, it was said: "This making out a *prima facie* case by the evidence, and thus casting the burden of meeting it on the other side, occurs in every day practice."

In Stark. Ev., Sharswood's ed., side p. 587, note 1, it is said : "If the defendant would show matter *in* avoidance, after a *prima facie* case has been made out by the plaintiff, the burden of proof shifts upon him."

So we think that where a defendant has made out a *prima facie* defence, if the plaintiff would show matter in avoidance, the burden shifts upon him. The case in judgment can not be distinguished in principle from that of *Sayres* v. *Linkhart*, 25 Ind. 145. There it was held that in an action by an assignee of a note against the maker, the defendant, in pleading a set-off against the payee of the assigned note, must aver that he acquired the set-off before notice of the assignment; but that in proof the burden of showing notice to the defendant of the assignment rested on the plaintiff.

The rule is by no means universal, that a party is bound

to prove all that he is bound to allege in order to make his pleading good. To illustrate by a case of perhaps the most common occurrence, we may instance prosecutions for retailing liquor, in which it must be alleged, but need not be proved, that the defendant had no license. Proof of license must come from the defendant.

We are of opinion, therefore, that the charges asked should have been given.

The judgment is reversed, with costs; and the cause is remanded for a new trial.