## DAVIS *v.* LEITZMAN.

Promissory Note.—*Not payable in Bank.*—Complaint by *Endorsee, against Endorser.*—*Diligence.*—*Delay.*—*Request of Endorser, not to sue Maker.*— In an action by B., as assignee, against A., his assignor, of a promissory note not payable in bank, the complaint alleged that, more than a year after the maturity of the note, B. had commenced a suit thereon, and had obtained a judgment, against the maker, but that an execution thereon had been returned *nulla bona.* The complaint also alleged, as an excuse

for B.'s delay in suing the maker, that A., at the maturity of the note, had requested B. not to sue the maker, promising "to stand good for" the amount of the note.

*Held*, on demurrer, that the excuse alleged for the delay was sufficient.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellee.

HOWK, J.—In this action, the appellant, as the assignee, sued the appellee, as his immediate assignor, of a promissory note for the sum of two hundred dollars, bearing date on the 20th day of January, 1871, executed by one James S. Fisher and payable five years after the date thereof to the appellee.

The appellee's demurrer to the appellant's complaint, for the want of sufficient facts therein to constitute a cause of action, was sustained by the court, and to this decision the appellant excepted, and, refusing to amend or plead further, judgment was rendered against him for the appellee's costs.

From this judgment, this appeal is prosecuted by the appellant, in this court, and he has here assigned, as error, the decision of the circuit court in sustaining the appellee's demurrer to his complaint. This assignment of error presents for our decision this single question: Are the facts stated in the appellant's complaint sufficient to constitute a cause of action in his favor and against the appellee?

In his complaint, the appellant alleged, in substance, that one James S. Fisher, on the 20th day of January, 1871, by his note, a copy of which was therewith filed, promised to pay to the appellee, five years after the date thereof, two hundred dollars, with interest at the rate of ten per cent. per annum; that afterward, on the 25th day of July, 1872, the appellee, by the description of "Theodore Leitzman," endorsed said note to the appellant;

that, when the note became due, the appellant informed the appellee that he would sue said Fisher, the maker thereof; that the appellee then and there requested the appellant not to institute a suit on said note, and then and there promised and agreed with him, that if he, the appellant, would not sue the said James S. Fisher on said note, he, the appellee, would stand good for the payment thereof; that, relying on the appellee's said promise and agreement, the appellant did give time for the payment of said note by said James S. Fisher, and did not sue said Fisher on said note, until the 16th day of February, 1877, at which time he brought suit on said note, in the Hendricks Circuit Court, and afterward, at the March term, 1877, of said court, he recovered judgment thereon, against said James S. Fisher, for the sum of three hundred and one dollars and fifty cents, and the costs of suit taxed at eight dollars and seventy-five cents. The appellant then alleged in his complaint, that on the 19th day of April, 1877, he had sued out an execution on his said judgment against said Fisher, directed to the sheriff of Hendricks county, who levied said execution on certain described real estate belonging to said Fisher, in said county, and afterward returned said writ, " Land not sold for want of buyer ;" that afterward, on the 29th day of October, 1877, the appellant sued out of said court, on said judgment, a writ of *venditioni exponas*, directed to said sheriff and commanding him to sell the real estate so levied on, and to levy and collect the residue, if any, of said judgment, interest and costs, of the other property of said James S. Fisher; and that afterward, on the 21st day of December, 1877, the said sheriff made return of said last named writ; that by virtue thereof he had sold, according to law, the said real estate so levied on, and had realized from such sale, over and above the costs accrued, the sum of thirty-six

dollars and seventy cents, and that he could find no other property of the said James S. Fisher, subject to execution; and that said note and judgment, except the said sum of thirty-six dollars and seventy cents, remained due and unpaid, and the costs accrued on said judgment, which had been paid by the appellant. Wherefore, etc.

We are of the opinion that the facts stated in this complaint were sufficient to constitute a cause of action in favor of the appellant and against the appellee. It would seem, indeed, from his brief of this cause in this court, that the appellee's learned counsel fully concurred in our opinion, in regard to the sufficiency of the complaint, as it is found in the record and stated above in substance. For counsel claims that it is due to him, and also to the court below, to say "that the complaint, as originally filed, and to which a demurrer was presented and argued, contained no excuse for the delay of thirteen months in the bringing of the suit; but that leave was taken to amend," and, in the amended complaint, reasons or excuses for such delay "were inserted, and that their full scope and import were not argued nor understood, until seen in the transcript on file in this court."

In section 4 of "An act concerning promissory notes," etc., approved March 11th, 1861, it is provided, in effect, that the assignee of a note not "payable to order or bearer in a bank in this State," such as the one described in the appellant's complaint in this case, "having used due diligence in the premises, shall have his action against his immediate or any remote endorser." 1 R. S. 1876, p. 636.

"Due diligence in the premises," within the meaning of the statute, as construed by this court, would have required that the appellant, as the assignee of the note,

in the absence of any request for delay from the appellee as the assignor thereof, should have commenced his action against the maker of the note, in time for the first term of the court after the maturity of the note, in which he could have obtained a judgment against such maker, by due service of process in time for such term. *Roberts* v. *Masters*, 40 Ind. 461, and cases cited. But in the case of *Lowther* v. *Share*, 44 Ind. 390, it was held by this court, and we think correctly so, that " the request of the endorser not to sue the maker is a reasonable and valid excuse for not bringing such suit, and this without any consideration for the delay." *Free* v. *Kierstead*, 16 Ind. 91 ; *Sims* v. *Parks*, 32 Ind. 363.

In the case at bar, as we have seen, the appellant alleged in his complaint, as an excuse for his delay in bringing suit against the maker of the note, at its maturity, that the appellee, the endorser of said note to the appellant, had then and there requested him not to sue such maker, and had promised and agreed with him, that, if he would not sue said maker, he, the appellee, would stand good to him for the payment of such note. Upon the authorities cited, we think that the appellant's complaint was sufficient, and that the appellee's demurrer thereto ought to have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.