No. 9612.

## HUSTON ET AL., ADMINISTRATORS, *v.* THE FIRST NATIONAL BANK OF CENTERVILLE.

DECEDENTS' ESTATES.—*Allowance of Claims.*—*Notes not Payable in Bank.*— *Contract of Assignor.*—*Due Diligence.*—Where a claim is filed against the estate of a decedent, as the assignor of a promissory note not payable in a bank in this State, the contract of the assignor is a warranty that the maker of the note is liable thereon and able to pay it; and section

Huston *et al.*, Administrators, *v.* The First National Bank of Centerville.

5504, R. S. 1881, provides that the assignee of such note, having used due diligence in the premises, shall have his action against his immediate or any remote assignor.

SAME.—*Sufficiency of Claim.—Failure to use Due Diligence.—Sufficient Excuse.—Insolvency or Coverture of Maker.—Assignor's Request.*—A claim against the estate of a decedent, as the assignor of a promissory note not payable in a bank in this State, will be sufficient to withstand a demurrer thereto, for the want of facts, if it show either the use of due diligence in the premises against the maker of the note, or a sufficient excuse for the failure to use due diligence; and the insolvency or coverture of the maker of the note, or the request of the assignor not to sue such maker, will constitute a sufficient excuse.

SAME.—*Motion for New Trial.—Evidence.*—On the trial of such a claim against the assignor's estate, the excuse alleged in the claim, for the failure to use due diligence against the maker of the note, is a material part of the claimant's cause of .action, and must be sustained by sufficient evidence; and where the record shows that no evidence was given on the trial to sustain the alleged excuse, a new trial should be granted.

SAME.—*Remote Assignee.—Defence.—Set-Off.—Negative Averment.—Burden of Proof.*—In section 5504, R. S. 1881, it is provided that, in a suit against a remote assignor of such a note, he shall have any defence which he might have had in a suit brought by his immediate assignee. In a suit by the assignee against the remote assignor of the note, where the defendant pleads a set-off against his immediate assignee, he must aver that he had no notice of the assignment to the plaintiff when he acquired such set-off; but, in proof, the burden of showing notice to the defendant of such assignment rests on the plaintiff.

From the Wayne Circuit Court.

*C. H. Burchenal*, for appellants.

*H. C. Fox*, for appellee.

HOWK, J.—This was a claim by the appellee against the appellants, as the administrators of the estate of Thomas Huston, deceased. The appellee's claim or complaint contained two paragraphs, to each of which the appellants' demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court and to this ruling they excepted. They then answered in six paragraphs, and the appellee's demurrer to the fifth paragraph, for the want of facts therein to constitute a defence to its action, was sustained by the court, and to this decision they ex-

cepted. To the other paragraphs of answer the appellee replied in two paragraphs, to wit: 1. A general denial; and, 2. That the claims described in said paragraphs of answer were fully paid before the commencement of this action. The issues joined were tried by the court, and a finding was made for the appellee, and against the estate of appellants' intestate, in the sum of $1,143.46, and judgment was rendered accordingly. The appellants' motion for a new trial having been overruled by the court, and their exceptions saved to this ruling, they have appealed from the judgment below to this court.

The following decisions of the circuit court have been assigned here as errors by the appellants:

1. In overruling their demurrer to the first paragraph of appellee's claim.

2. In overruling their demurrer to the second paragraph of appellee's claim.

3. In sustaining appellee's demurrer to the fifth paragraph of their answer; and,

4. In overruling their motion for a new trial.

In the first paragraph of its claim or complaint, the appellee alleged, in substance, that on the 13th day of July, 1874, William S. T. Morton and Eliza M. Morton, by their promissory note of that date, promised to pay Thomas Huston, six months after date, $1,000, with interest from date at the rate of ten per cent. per annum; that Eliza M. Morton, at the time she executed the note, was a married woman and the wife of William S. T. Morton; that after its execution Thomas Huston, the payee of the note, for value received, assigned the same by the following endorsement thereon: "Pay J. W. Swafford," (signed) "Thomas Huston," and delivering the same to one Jeremiah W. Swafford; that the said Swafford, being indebted to appellee in a large sum of money, assigned the said note, by endorsing his name thereon, and delivered the same, to the appellee; and that the appellee was then the owner and holder of said note. And the appellee averred

that after the execution of said note the said William S. T. Morton died testate, at Wayne county, Indiana; that within one year after the death of said Morton, and before there had been any distribution of the assets of his estate, the said claim was presented to and filed with the executors of the decedent's will, who afterwards, on March 17th, 1879, paid thereon a dividend of twenty-five per cent. of said claim, which should be a credit thereon, being the full *pro rata* share of the assets of said estate, due on said note upon distribution, and as large a *pro rata* amount as was or had been, then or since, paid upon any claim of any general creditor of the estate, not secured by a lien upon the decedent's property; that said claim had since been filed and allowed by the court below as a valid claim against said estate, and the residue of said claim was then due and unpaid; that no amount had been paid upon said claim, " save as aforesaid at the time aforesaid," nor had there been any other claim against said estate, there being no available assets in the hands of said executors.

And the appellee further said that no final settlement of said estate had been made, and would not be for at least twelve months; that the estate was and had been declared by the court insolvent, there not being assets sufficient to pay the indebtedness thereof; that the assets of the estate had been exhausted, or nearly so, by the executors in paying preferred claims, costs of administration and the aforesaid dividend; that the assets remaining in the hands of the executors would not be sufficient to pay more than five per cent. dividend on the indebtedness of the estate; that the assignees of said note did not bring suit against the maker of the note, at its maturity or afterwards, up to the time of his death, nor proceed against his estate afterwards, " for the reason that the said Huston requested them not to do so, and that time should be given to the maker to pay the said note, without suit;" that, after the death of said William S. T. Morton, the said Thomas Huston died at said Wayne county, on the — day of ———, 187–, and his estate was being administered under the super-

vision of the court below; that the appellee had been informed and believed that said estate would be speedily settled, and, for that reason, this claim had been filed against said estate before the final settlement of the estate of said Morton; and the appellee asked that the unpaid balance of said claim might be allowed against the estate of the decedent, Huston.

The appellee's claim was filed against the estate of Thomas Huston, deceased, and the appellants, as the administrators of said estate, on the 17th day of June, 1879. The first paragraph of the claim counts upon the contract of Thomas Huston, as the remote assignor of the appellee of the note described in said paragraph. The note was not payable at a bank in this State, and was not negotiable as an inland bill of exchange; but it was negotiable under the statute of this State, and the rights of the appellee, as assignee, and the liabilities of the estate of appellants' intestate, as assignor, are fixed and measured by the statute, and not by the law merchant. The contract of the assignor of such a note is a warranty that the maker is liable on the note and able to pay it. *Black* v. *Duncan*, 60 Ind. 522; *Ward* v. *Haggard*, 75 Ind. 381; *Willson* v. *Binford*, 81 Ind. 588.

In section 5504, R. S. 1881, it is provided that the assignee of such a note, "having used due diligence in the premises, shall have his action against his immediate or any remote endorser." Where the assignee sues the assignor of such a note, his complaint must show by its allegations of facts, that he had used due diligence in the premises against the maker of the note, without success in whole or in part; or else it must show that, at the maturity of the note, the maker was and had since remained wholly insolvent, so that no part of the debt could have been collected from him, by the exercise of due diligence in the recovery of judgment and the issue of execution thereon. *Roberts* v. *Masters*, 40 Ind. 461; *Markel* v. *Evans*, 47 Ind. 326; *Binford* v. *Willson*, 65 Ind. 70.

The consideration of the contract of assignment, between the assignee and assignor of a promissory note, is *prima facie*

the amount of the note; and, therefore, the amount of the note, with interest, is *prima facie* the measure of the assignee's recovery, in his suit against the assignor. If the note was assigned for a sum less than the face of the note, and the assignor seeks to limit the amount of the assignee's recovery on the contract of assignment, to the sum paid for the note by the assignee, with interest, it devolves on the assignor to show, if he can, that the actual consideration of the contract of assignment was less, and how much less, than the face of the note. In such case, the sum actually paid the assignor for his transfer of the note, if he can show it, with interest thereon, is the measure of the assignee's recovery, in his suit against the assignor. *Youse* v. *McCreary*, 2 Blackf. 243; *Bozell* v. *Hauser*, 9 Ind. 522; *Lee* v. *Pile*, 37 Ind. 107.

The first objection to the first paragraph of complaint, in this case, discussed by the appellants' counsel, is that it contains no sufficient averment of the breach of the contract of assignment made by the decedent, Thomas Huston, or of his failure, neglect or refusal to repay the consideration of such contract with interest, or that the note in suit remained unpaid. This objection, we think, is not well taken. The first paragraph is simply a claim against a decedent's estate; and, under section 62 of the act of June 17th, 1852, providing for the settlement of decedents' estates, in force at the time, the appellee was only required to file "a succinct statement of the nature and amount" of its claim against the estate of the appellants' intestate. Sec. 2310, R. S. 1881. It has often been held by this court that the statute quoted "does not require a regular complaint under the ordinary rules of pleading, but merely a succinct statement of the claim, which, it seems to us, will be sufficient when it apprises the defendant of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same demand." *Hannum* v. *Curtis*, 13 Ind. 206. *Ginn* v. *Collins*, 43 Ind. 271; *Post* v. *Pedrick*, 52 Ind. 490. The statute does not require the claimant to aver in his complaint that his claim remained

unpaid ; but the act then in force did require the claimant to attach to the claim his affidavit, " to the effect that the same is justly due and wholly unpaid." 2 R. S. 1876, p. 515, *note c*, sec. 5 ; sec. 2310, R. S. 1881. It will be seen, we think, from the summary heretofore given of the first paragraph of the appellee's claim, that it was sufficient to apprise the appellants of the nature of the claim, and of the amount demanded, and to bar another suit for the same cause of action.

Appellants' counsel also claims, that the first paragraph of the claim was insufficient, on the demurrer thereto, because it contained no averment of any diligence used against Eliza M. Morton, one of the makers of the note. Counsel says : "The only excuse given for such want of diligence is, that she was a married woman ; but this is no valid excuse." The note assigned by appellants' intestate was the joint and several note of William S. T. Morton and Eliza M. Morton. The appellee's cause of action against the estate of Thomas Huston, deceased, was founded upon the decedent's assignment by endorsement of the note ; but that assignment or endorsement of the note, of itself, was not sufficient to constitute *prima facie* a claim against the decedent's estate. Without the existence of other facts, it is clear that the assignment of the note would not and did not subject the assignor, or his estate, to any liability on account of such note. While it is true, as already stated, that the ordinary rules of pleading are not applicable in all their strictness to the statement of a claim against a decedent's estate, yet it is equally true, we think, that the claimant should allege in his complaint, or the statement of his claim, all the facts necessary to constitute *prima facie* a cause of action in his favor against such estate.

In the case at bar, it was incumbent on the appellee, as it seems to us, that it should state in the first paragraph of its claim all such facts as were necessary to show *prima facie* that the estate of Thomas Huston, deceased, was liable to the appellee on and by reason of the decedent's assignment of the note. To this end, it was necessary that the appellee should

allege in its claim such facts as would show either the use of due diligence in the premises against the makers of the note, or a sufficient excuse for its failure to use such diligence. It was not attempted to be shown, in the first paragraph of appellee's claim, that due diligence had been used against the makers of the note therein described, or either of them; but the appellee endeavored to show a valid excuse for its non-exercise of such diligence, as to each of the makers of the note. As to Eliza M. Morton, one of the makers of the note, the only reason assigned by appellee for its failure to use due diligence in the premises was that she was a married woman. Did the conceded fact, that Eliza M. Morton was a married woman at the time she executed the note, excuse the appellee from bringing suit against her on the note, before it could have an action against its immediate or remote assignor on the contract of assignment? This question is not free from difficulty, but, we think, it ought to be and must be answered in the affirmative.

It is true, as the appellants' counsel says, that if Eliza M. Morton had been sued on the note, and had not pleaded her coverture in bar of the action, a valid judgment might and would have been rendered against her for the amount due on the note, which could have been enforced by the seizure and sale of her property. After judgment had been rendered against her, she could not have used her coverture to prevent or defeat its collection. *Elson* v. *O'Dowd*, 40 Ind. 300; *Landers* v. *Douglas*, 46 Ind. 522; *Long* v. *Dixon*, 55 Ind. 352. It is true, also, that, if she had been sued on the note, she alone could have pleaded her coverture as a defence to the suit, for the defence of coverture is strictly personal, and it would have been optional with her whether or not she would have resorted to such defence. *Ætna Insurance Co.* v. *Baker*, 71 Ind. 102.

But it does not follow, we think, that the appellee was required, in the exercise of due diligence in the premises, to bring an action against Eliza M. Morton upon her note,

which, by reason of her coverture, was invalid and of no binding force as to her. The contract of the appellants' intestate, as the assignor of the note, as we have seen, was a warranty that the makers, Eliza M. as well as William S. T. Morton, were liable on the note. But as Eliza M. Morton, by reason of her coverture, was never liable on the note, the contract of the assignor, as to her, was broken as soon as it was entered into.

As to William S. T. Morton, the other maker of the note, it was alleged in the first paragraph of the complaint, that the assignees of the note did not bring suit against him thereon, at its maturity or afterwards, up to the time of his death, nor proceed against his estate afterwards, for the reason that the assignor, Huston, requested them not to do so, and that time should be given the said maker to pay the note, without suit. This request of the assignor, Thomas Huston, was a reasonable and valid excuse, we think, for the failure to use due diligence in the premises against William S. T. Morton, one of the makers of the note, or against his estate. *Sims* v. *Parks*, 32 Ind. 363; *Lowther* v. *Share*, 44 Ind. 390; *Davis* v. *Leitzman*, 70 Ind. 275. It may have been that the assignor of the note limited his request, that the assignee would not bring suit thereon, as against William S. T. Morton only, upon the theory that the other maker of the note, by reason of her coverture, was not bound thereby nor liable thereon; or it may have been, that the request was so pleaded by the appellee upon the same theory. We are of the opinion, however, that where the assignee of the joint and several note of two or more makers sues his immediate or remote endorser, and sets up an excuse or excuses for his failure to use due diligence against such makers, the excuse or excuses must be sufficient as to each and all of the makers, or the complaint or paragraph thereof will be bad, on a demurrer thereto for the want of facts. The demurrer was properly overruled.

In the second paragraph of its claim or complaint, the appellee sued upon an assignment by endorsement of the individual note of William S. T. Morton for the sum of $136.76,

dated February 3d, 1875, and payable one day after date to the order of Thomas Huston, the appellants' intestate. It was alleged that Huston endorsed the note to J. W. Swafford, and that Swafford endorsed the same to the appellee. The note was not payable at a bank in this State, and, therefore, its negotiability and the rights and liabilities of the assignee and assignor thereof were governed and controlled by the statute of this State, and not by the law merchant. This paragraph contained substantially the same averments as the first paragraph of the claim, except such as related to Eliza M. Morton. It was not claimed in the second paragraph that the assignee of the note therein described had used due diligence in the premises against the sole maker thereof, William S. T. Morton, or against his estate. But the appellee set up substantially the same excuse in this as in the first paragraph, for the failure to use due diligence against the maker of the note. The facts stated in this second paragraph were sufficient, we think, to constitute *prima facie* a claim against the estate of the appellants' intestate, and the demurrer thereto was correctly overruled.

The next error complained of, in argument by the appellants' counsel, is the decision of the circuit court in overruling the motion for a new trial. The causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence and was contrary to law, that the damages assessed were excessive, and that the court erred in its assessment of the amount of appellee's recovery. The evidence is in the record by a proper bill of exceptions. There was no evidence that Eliza M. Morton, one of the makers of the note described in the first paragraph of the claim, was a married woman when she executed the note, or at any other time. Nor was there any evidence, introduced on the trial, which tended to prove the excuse alleged for the failure to use due diligence against the makers of the notes, namely, that the appellants' intestate, the assignor of such notes, had requested the assignee thereof not to bring suit thereon against

William S. T. Morton, in his lifetime, or after his death, against his estate. These were material facts, in each paragraph of appellee's complaint, and, if they had not been alleged, neither paragraph would have stated *prima facie* a claim against the estate of appellants' intestate. The finding of the court upon the appellee's causes of action was not sustained by sufficient evidence; and for this cause the court clearly erred, we think, in overruling appellants' motion for a new trial.

Besides, in the fourth paragraph of their answer, the appellants alleged, by way of set-off, that before their intestate had any notice of the alleged transfer of the notes, in the complaint described, by the said Swafford, to the appellee, to wit, on the 16th day of December, 1876, the said Swafford, by his note, a copy of which was therewith filed, promised to pay said Thomas Huston, one day after date, the sum of $2,400, with ten per cent. interest after maturity, and five per cent. attorney's fees, which note was due and wholly unpaid. Wherefore, etc. To this paragraph of answer, the appellee replied by a general denial, and by a plea of payment. Upon these issues, the appellants gave in evidence the note pleaded as a set-off, and the appellee offered no evidence whatever.

The appellants' intestate was the remote endorser of the notes described in appellee's complaint, as between him and the appellee; and Swafford was the immediate assignee of the said intestate. In section 5504, R. S. 1881, it was and is provided that, "in suit against a remote endorser, he shall have any defence which he might have had in a suit brought by his immediate assignee." If suit had been brought by Swafford, the immediate assignee of appellants' intestate, against the estate of the intestate, on his contracts of assignment, it can not be questioned but that the appellants, as the administrators of the intestate's estate, might have used Swafford's note, described in the fourth paragraph of their answer, as a set-off in such suit. Under the statutory provision last quoted, the appellants, as the representatives of the remote endorser, were expressly authorized, as it seems to us, to avail

themselves in this suit by the appellee of the same defence of set-off which they might have interposed in a suit brought by Swafford, the immediate assignee of their intestate, against the estate of their intestate. When the appellants had given the Swafford note in evidence, it was not incumbent on them to prove that, at the time Swafford executed the note to their intestate, the latter had no notice of the former's alleged transfer to appellee of the notes described in the complaint, although the fact was averred in their answer of set-off. "The averment is a negative one, not perhaps in the power of the defendant to prove, and therefore the *onus* of proving notice is thrown on the plaintiff, if he would defeat the set-off." *Sayres* v. *Linkhart*, 25 Ind. 145. *Rawlings* v. *Fisher*, 24 Ind. 52. In a suit by the assignee of a note against his remote endorser, the defendant, in pleading a set-off against his immediate assignee, must aver that he acquired such set-off before he had notice of the assignment to the plaintiff; but, in proof, the burden of showing notice to the defendant of such assignment rests on the plaintiff. *Hayes* v. *Fitch*, 47 Ind. 21.

Upon the evidence, therefore, we are of opinion that the appellants were entitled to a set-off of the amount due on the Swafford note against the sum found due on the notes described in appellee's claim. As the trial court did not give the appellants any benefit or credit, on account of their set-off, it follows, of course, that the damages were excessive, and the court erred in assessing the amount of appellee's recovery. For these causes, the appellants' motion for a new trial ought to have been sustained.

Some other points have been discussed by counsel, but, as they are not likely to arise again on a new trial of this cause, we need not extend this opinion in their consideration or decision.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.