## Sering *v.* Findlay.

Under our statute, the assignor of a note warrants that the maker is liable on the note and able to pay it.

But if the assignee neglects to use due diligence in suing the maker, and seeks to have recourse upon the assignor, he must prove the inability of the maker, from want of property liable to execution, to pay any part of the debt.

APPEAL from the *Jefferson* Circuit Court.          *Thursday, December* 13.

Stuart, J.—Suit by *Findlay,* the assignee, against *Sering,* the assignor, of a promissory note. In excuse for not prosecuting the maker to insolvency, it was alleged that *Ruckle,* the maker, was insolvent at the maturity of the note, and when suit was commenced. Pleas, non assumpsit and want of consideration.

The evidence, as to the insolvency of the maker, was, "that he was generally understood to be insolvent at the maturity of the note, and that he was then insolvent."

This evidence was not sufficient. *Herald* v. *Scott,* 2

Nov. Term,
1855.

Ind. R. 55. It is true that, under our statute, the assignor warrants that the maker is liable on the note, and able to pay it. *Howell* v. *Wilson*, 2 Blackf. 418. If the assignee neglects to use due diligence in suing the maker, and seeks to come back on the assignor, he must prove the inability of the maker, from want of property liable to execution, to pay any part of the given debt. 2 Ind., *supra*, and the authorities there cited.

The evidence of the maker's insolvency is not sufficient to entitle *Findlay*, the assignee, to recover.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the appellant.

*W. M. Dunn* and *A. W. Hendricks*, for the appellee.