### REYNOLDS v. JONES.

In an action by the indorsee against the indorser of a promissory note, not governed by the law merchant, where there has been no suit against the maker, it is sufficient, in order to entitle the plaintiff to recover, to show that the maker was totally insolvent, at the earliest period of time when a judgment could have been recovered against him.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—Suit by *Reynolds*, the holder, against *Jones*, the indorser, of a promissory note. Judgment for the defendant.

The question involved in this case is: Whether, in an action by the indorsee against the indorser of a promissory note, not governed by the law merchant, where there has been no suit against the maker, it is sufficient, in order to entitle the plaintiff to recover, to show that the maker was totally insolvent, at the earliest period of time when judgment could have been recovered against him; or whether it is necessary that he should have been thus insolvent at the time the note matured?

The statute provides that "Any such assignee, having used due diligence in the premises, shall have his action against his immediate or remote indorser," etc. 1 R. S., 1852, p. 368, sec. 4.

Under similar statutory provisions, this Court has held, in numerous cases, that the total insolvency of the maker was an excuse for not bringing suit against him; or, in other words, that "due diligence" does not require the holder to sue an insolvent maker, before he can bring his action against his indorser. *Vide, Herald* v. *Scott,* 2 Ind. 55, and cases there cited. These cases undoubtedly go upon the theory that the holder should not be required to bring a suit that would be wholly unavailing. It seems to follow, that if the maker was totally insolvent, at the time when judgment could be first recovered against him, the recovery of such judgment was not necessary, in order to entitle the plaintiff to recover against the indorser. The maker of a note may have some property when it matures, but if he become totally insolvent before judgment can be recovered against him, such property does not (unless so applied by the maker) pay the debt, nor would a judgment against him be of any avail.

"Due diligence" does not, in our opinion, require a suit to be brought against the maker in cases where a judgment, obtained as soon as it could be done after the note matured, would be wholly unavailing, because of the insolvency of the maker, although he might not have been insolvent at the time the note matured.

We are referred to a *dictum,* to the effect that where no suit is brought against the maker, it is necessary to show his insolvency *at the time the note became due,* in the case of *Dugdale* v. *Masine,* 11 Ind. 194. No question was involved in that case, as to the precise time when insolvency should be shown to have existed, and it is evident that the remark was thrown in without at all considering the effect of

insolvency at the time when judgment could have been first recovered.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*Daniel Mace,* for the appellant.

*D. P. Vinton, H. F. Blodgett,* and *J. J. Jones,* for the appellee.