## MARKEL *v.* EVANS ET AL.

MORTGAGE.—*Presumption of Jurisdiction.*—When a mortgage upon real estate has been foreclosed, it will be presumed that the court rendering the judgment of foreclosure had jurisdiction of the subject-matter and of the parties, and that the mortgaged premises were located in the county where the foreclosure was had.

PROMISSORY NOTE.—*Suit by Holder Against Assignor of Note Secured by Mortgage.*—*Right of Assignor as to Mortgaged Property.*—Where a promissory note was secured by a mortgage of real estate by the maker, which mortgage has been foreclosed by an assignee and, on a sale under the decree, bought in by the assignee, in a suit by such assignee against his assignor, to recover a balance due on the note, it is no defence on the part of the assignor that the real estate was worth more than the amount bid for it by the assignee. The assignee of the note, who has thus bought the mortgaged real estate, is not a trustee for the assignor, though the latter was not a party to the foreclosure suit.

PARTIES.—*Foreclosure of Mortgage.*—*Assignor of Note not a Proper Party to Action of Foreclosure.*—The assignor of a promissory note secured by a mortgage of real estate is not a necessary or proper party to an action against the maker to foreclose the mortgage.

PROMISSORY NOTE.—*Suit by Assignee Against Assignor.*—*Diligence in Suing Maker.*—Where a complaint by the holder against an assignor of a promissory note, secured by a mortgage executed by the maker of the note, alleged that suit was commenced against the maker to foreclose the mortgage at the first term of the court, sitting next after the assignment to the plaintiff, and that a decree was obtained at said term, and the mortgaged property afterward sold on said decree, and the amount of the note not realized, and alleged that the maker at the time of the assignment had no property, other than the real estate mortgaged, subject to execution, out of which the balance of the judgment could be made, and that the maker was and still is insolvent;

*Held,* that the complaint showed sufficient diligence on the part of the assignee, though the suit against the assignor was not commenced until about seven years thereafter.

From the White Circuit Court.

*S. A. Huff* and *B. W. Langdon,* for appellant.

*A. W. Reynolds* and *G. H. Voss,* for appellees.

DOWNEY, J.—This was an action by the appellees against the appellant on the indorsements of two certain promissory notes executed by Samuel A. Lattimore and William H. Larabee to the appellant, and by him indorsed to the appellees. The notes were secured by a mortgage executed by the makers, or one of them, to the payee, and they were indorsed after their maturity, on the 29th day of April, 1862. In the first complaint, it is alleged that the plaintiffs, in an action commenced on the 5th day of May, 1862, recovered judgment against the makers of the notes for the amount due thereon in the Putnam Common Pleas, at the October term, being the first term after the notes were indorsed, and the first term of any court in which the action could have been brought after the indorsement; that on the 2d day of December, 1862, the plaintiff sued out an order of sale, which was delivered to the sheriff, which the sheriff returned receipted by the plaintiffs to the amount of seven hundred and ninety-nine dollars and thirty-five cents by the purchase of the lands mortgaged; "that the said Lattimore and Larabee had no other property at that time, and have not had since then, subject to execution, out of which to make the balance of said judgment, and the said notes and judgment remain unpaid. Wherefore," etc. A copy of the notes and indorsements was filed with the complaint.

To this complaint a demurrer was filed, on the ground that the same did not state facts sufficient to constitute a cause of action, and it was overruled by the court.

Four paragraphs of answer were filed to this complaint. A demurrer was sustained to the third and fourth paragraphs, and the fourth was amended. Reply in denial. Thereupon the plaintiff, by leave of the court, filed an "additional complaint." In this complaint, it is alleged that Lattimore and Larabee, on the 9th day of April, 1859, by their two promissory notes, copies of which are filed, promised to pay the defendant seventeen hundred and twenty-six dollars and

eighty-two cents, who indorsed said notes to the plaintiffs on the 26th day of April, 1862, copies of which indorsements are filed; that the said notes were secured by a mortgage on certain real estate, and the plaintiff, in an action commenced on the 5th day of May, 1862, recovered judgment against said Lattimore and Larabee for nineteen hundred and fifty-seven dollars and twenty cents, the sum then due thereon, and the foreclosure of the mortgage, in the Putnam Common Pleas, at the October term thereof, being the first term of any court in which said action could be brought after the notes were indorsed to the plaintiff; and on the 2d day of December, 1862, the plaintiff sued out an order of sale on the judgment, which was delivered to the sheriff to be executed, and on the 3d day of December, 1862, the sheriff levied upon the real estate described in the mortgage, and on the 27th day of December, 1862, after due and legal notice, he exposed to sale the said real estate, and the plaintiff bid therefor eight hundred and fifty dollars; and that being the highest and best bid for the same, the sheriff did then and there publicly sell the said land to them for that sum ; that they paid the sheriff fifty dollars and sixty-five cents, the amount of costs, and receipted upon the decree for the sum of seven hundred and ninety-five dollars and thirty-five cents, the amount of their bid less the amount of the costs paid as above stated ; "that the said Lattimore and Larabee at the time of said indorsement of said notes to the plaintiffs had no other property than the real estate described in the said mortgage subject to execution, out of which to make the balance of said judgment; that they were and still are wholly insolvent, and that the said notes and judgment remain unpaid. Wherefore," etc.

To test the sufficiency of the additional complaint, a demurrer thereto was filed, alleging that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court. An answer of six paragraphs was filed to the additional complaint.

The plaintiffs demurred separately to the second, third,

fourth, and fifth paragraphs of the answer. The demurrers to the fourth and fifth paragraphs were sustained, and those to the second and third overruled. The fifth paragraph was amended, and a demurrer thereto again sustained. Reply by general denial. Trial by the court on default of the defendant, and a finding and judgment for the plaintiffs.

The errors well assigned are: 1. Sustaining the demurrer to the fourth paragraph of the defendant's answer; 2. Overruling the demurrer to the complaint; and, 3. Not sustaining the demurrer to the fourth paragraph of the answer to the complaint.

As there are two answers in the record, one to each complaint, and as each answer has in it a paragraph numbered four, it is not quite certain to which one reference is made in the assignment of errors; but as the fourth paragraph in the first answer was amended after the demurrer to it was sustained, it seems probable that the fourth paragraph in the last answer filed is the one to which the assignment of errors is intended to apply. It alleges that the lands bid off by the plaintiff were of much greater value than the sum for which the same were sold, to wit, of the full value of the amount of the notes sued upon; that the defendant was not a party to the foreclosure suit, and had no notice thereof, nor of the sale; that the plaintiffs held the said real estate as trustees for the defendant, and he prays to be credited with the value of the lands.

The brief of counsel for the appellant refers exclusively to the additional complaint. It is insisted that it is objectionable for several reasons, or on several grounds.

The first is this, that a transcript of the proceedings in the foreclosure case is not made part of the complaint, to show that the court had jurisdiction to order a sale of the land; and it is objected that it is not shown that the land mortgaged was in Putnam county, nor that process ever went against the makers of the note so as to confer upon the court jurisdiction of their persons.

We think these objections are not well taken. The action

is not upon the judgment, and if it was, a copy of it need not be filed with the complaint. *Lytle* v. *Lytle*, 37 Ind. 281. We think it should be presumed that the court had jurisdiction of the subject-matter and of the parties, and that the mortgaged premises were in the county where the decree of foreclosure was rendered. If the premises were not in that county the court would have had no jurisdiction to foreclose the mortgage. 2 G. & H. 56, sec. 38. We should not presume that the court proceeded without, but rather that it had, jurisdiction, and that its proceedings were in all things regular and legal. *Keller* v. *Miller*, 17 Ind. 206.

The second position assumed is, that the appellees, on purchasing the real estate, became trustees of the appellant, and that in the absence of an averment that the price for which the lands were sold was all that could be realized for them, there would be no recourse upon the indorser for any deficiency, and this is the theory upon which the fourth paragraph of the last answer is predicated. We think the theory wholly inadmissible. The sale of the mortgaged premises by the sheriff fixed their value, and with the amount of that sale the plaintiffs were chargeable, and they credited that amount on the execution, less the amount of costs. We are not aware of any principle of law which would enable us to say that the plaintiffs, on purchasing the property, would hold it as trustees of the defendant. We can not think that the plaintiffs can now be charged with anything beyond the amount bid by them, on the supposition that the lands were worth more.

It is urged that the appellant is not bound by the amount for which the land sold, because he was not a party to the foreclosure suit. He was not either a necessary or a proper party to the suit, so far as it sought a judgment on the notes and a foreclosure of the mortgage. Had there been no mortgage, and had the indorsee recovered a judgment on the notes against the maker, sued out an execution thereon, levied upon and sold the property of the makers subject to execution, real or personal, and then sued on the indorse-

ment to recover the amount not made by the sale of the property of the makers, could it be successfully urged that the indorser was not concluded by the amount for which the property of the makers was sold, had the execution plaintiff been the purchaser at the sale by the sheriff? We think not. We think the same rule must apply in this case.

The next and last objection urged is, that due diligence to make the money out of the makers of the note is not shown by the averments of the additional complaint. It avers a suit to foreclose the equity of redemption of the makers of the notes in the mortgaged premises, commenced in the court first sitting after the indorsement of the notes, the recovery of a judgment at the first term, the issuing of an order of sale, and the sale of the mortgaged premises, and alleges that the said Lattimore and Larabee, at the time of said indorsement of said notes to the plaintiffs, had no other property than the real estate described in the said mortgage subject to execution, out of which to make the balance of said judgment; that they were and still are wholly insolvent. As the makers had no property subject to execution except the mortgaged premises, and as that was securely bound by the lien, it would not seem to be very material as to the exact time when the mortgage should be foreclosed. But no question arises here, for the suit was commenced, judgment recovered, etc., with due diligence.

It does not clearly appear whether there was a personal judgment for the amount of the notes against the makers, or for any balance of the debt not made by the sale of the mortgaged premises, or whether there was only judgment foreclosing the equity of redemption and ordering the sale of the mortgaged premises merely, without any personal judgment. But this we regard as immaterial; for if, as alleged, the makers of the notes had no other property subject to execution than the mortgaged premises, it was immaterial whether there was any such judgment or not.

It is urged that as the indorsement was made on the 29th of April, 1862, and this action was not commenced until

April 23d, 1870, the inference that the makers may have acquired property subject to execution in the meantime should have been excluded by an appropriate averment. It is said, that " within that time fortunes were made and lost in this country."

We will suggest without deciding, for we have another answer to the objection, that it is probably the rule that when insolvency is shown at the date of the indorsement, it may be presumed to continue until the contrary shall be shown, and also that perhaps insolvency at that date, or when the indorsee should have commenced his action against the maker, and recovered judgment, would fix the right of action of the indorsee so that it might not be affected by the subsequent condition of the makers. But the answer that we have to make to the objection is, that the complaint does contain the averment which counsel suppose it should contain. It not only alleges that the makers had no other property at the time of the indorsement than the mortgaged premises, but it alleges " that they were and still are wholly insolvent." We think it fair to construe this as equivalent to an averment that they had no property out of which the debt or the balance of the debt could have been made.

The law looks to the time when the judgment could have been recovered, as the date of solvency or insolvency, in determining the question of diligence. *Reynolds* v. *Jones*, 19 Ind. 123.

When no part of the debt could have been made on the execution had judgment been recovered and execution issued with due diligence, no action need be brought or judgment had in order to give the indorsee a right of action against the indorser.

Insolvency in this sense means inability, from want of property liable to execution, to pay any part of the debt, and this is what the indorsee, when he omits to sue the maker, is bound to prove in a suit against the indorser. *Herald* v. *Scott*, 2 Ind. 55 ; *Sering* v. *Findlay*, 7 Ind. 247 ;

*Dugdale* v. *Marine,* 11 Ind. 194; *Roberts* v. *Masters,* 40 Ind. 461.

The judgment is affirmed, with three per centum damages and costs.