## BINFORD, ADMINISTRATOR, v. WILLSON.

PROMISSORY NOTES SECURED BY MORTGAGE.—*Foreclosure of All on Maturity of Part.—Complaint Against Endorser.—Negligence.—Execution.—Excess on Execution must be Paid to Judgment Debtor.*—The payee of several promissory notes maturing successively and secured by a mortgage on real estate endorsed them to one who, on maturity of part, foreclosed the mortgage, obtaining a finding and decree showing the amounts due and to become due, and the dates of maturity, and ordering the real estate to be sold without division, etc. He then exhausted the mortgaged premises, and all other property of the mortgagor, by execution, without satisfying the instalment already due, and, upon the maturity of the other instalments, he brought suit against the payee, as endorser, alleging the foregoing facts and also "the utter insolvency of the maker of the notes, at, before and after the maturity of " each instalment.

*Held*, on demurrer, that the complaint is sufficient without an averment of a return of *nulla bona.*

*Held*, also, that negligence in the collection of the amount found *due* on foreclosure is no defence to the action against the endorser for the instalments afterward maturing.

*Held*, also, that execution could not issue for the instalments not matured until they became due.

*Held*, also, that any money made on execution in excess of the instalments due must be paid to the judgment debtor, and can not be applied on instalments not matured.

From the Montgomery Circuit Court.

*L. C. Thomas, P. S. Kennedy* and *W. T. Brush,* for appellant.

*S. C. Willson* and *L. B. Willson,* for appellee.

PERKINS, J.—Suit against Samuel C. Willson as assignor of promissory notes.

The facts are these:

On the 10th day of March, 1870, Cornelius Blair executed to Samuel C. Willson ten promissory notes, payable one each year till all were paid, and, at the same time, executed a mortgage on certain real estate to secure their payment. Willson assigned the notes and delivered the mortgage to one Whitlock, since deceased, on whose estate appellant, Binford, is administrator. The fourth in the

series of notes became due March 10th, 1874. On the 15th of April following, no one of the notes due having been paid, suit was commenced on said four notes and for the foreclosure of the mortgage. Judgment of foreclosure was obtained for the sum of sixteen hundred and twenty-two dollars and eighty cents, the amount of the four notes then due, with a further finding of the amount that would become due on each of the remaining six notes, and the time of its becoming due; the first on the 10th of March, 1875, and one of the others in each successive year till 1880. The land mortgaged not being susceptible of division was ordered to be sold and the proceeds applied to the payment of the sum found due on the first four notes, and the residue, if any, to the payment of the amounts thereafter to become due on the remaining six notes. " And it was adjudged, that, if the mortgaged premises should not sell for sufficient to pay the amount due, the residue should be levied of the property of said Blair."

The mortgaged property was sold on the decree of foreclosure, and brought but fifteen hundred dollars, being less, by one hundred and twenty-two dollars and eighty cents, than the amount due on the first four notes, and for this balance a levy was made upon other property of said Blair, by means of which levy the sum of one hundred and six dollars and fifteen cents, in addition to the fifteen hundred dollars realized by the sale of the mortgaged property, was obtained. But this left still a balance unpaid of the amount due on the first four notes. To recover this balance a suit was instituted against Willson, the assignor of the notes. Willson resisted a recovery against him in that suit, on the ground that the assignee had not used due diligence against Blair, the maker of the notes, and resisted successfully. *Willson* v. *Binford,* 54 Ind. 569.

On the 10th of March, 1877, three more of the notes of Blair, assigned by Willson to Whitlock, had become due

Binford, Administrator, v. Willson.

and were not paid, and on the 9th of April, 1877, a suit against Willson, the assignor, was commenced for the recovery of the amount due on said notes. The complaint did not aver that execution had been issued and returned " no property found " on the amounts, severally, which it was found in the decree of foreclosure would become due at stated periods (see 2 R. S. 1876, pp. 263, 264, secs. 635, 636, 637 and 639 ; *Skelton* v. *Ward,* 51 Ind. 46) ; but it did aver the utter insolvency of the maker of the notes at, before and after such stated periods or times, as an excuse for not causing such issues of execution, etc. This was sufficient. *Reynolds* v. *Jones,* 19 Ind. 123 ; *Roberts* v. *Masters,* 40 Ind. 461 ; *Markel* v. *Evans,* 47 Ind. 326.

But the appellee, Willson, claims, that the negligence of the assignee in regard to the balance due on the first four notes, above shown, discharged him from liability as assignor upon the six notes which had not, at the time of such negligence, become due, so that they could be collected by execution.

On this point he is clearly in error. That negligence only discharged him from liability as assignor upon the notes then due, and the collection of which that negligence might affect. But that negligence could not affect the collection of the notes not then due. Execution could not issue on the amounts severally named in the decree to become due on such notes, till those amounts actually became due. Nor could any balance that might be collected on execution on the notes due, beyond paying the amounts due thereon, be applied to the payment of the sums named in the decree to become due, but such balance the sheriff would be bound to pay to the defendant in the execution, the maker of the notes. *Skelton* v. *Ward, supra ; Thompson* v. *Davis,* 29 Ind. 264. Hence no legal diligence of the assignee, in the ordinary prosecution of suit, could have secured the payment of the notes or instalments in the

decree, before they became due.   And the negligence as to those due could not, in a legal sense, injure the assignor of those not due.   The fact that a man owes debts due at a future time does not disable him to use and lose property he may possess in the time prior to the debts becoming due. *Cook* v. *Tullis*, 18 Wal. 332.

The mortgage security had been exhausted in paying the first four of the notes.   Hence the remaining six stood, as to the point in question, like so many personal obligations due one each successive year.   As to such notes it is plain that negligence in the collection of any one would not release from liability on any other as to which diligence might be used, or legally excused.

The judgment is reversed, with costs, and cause remanded, with instructions to overrule the demurrer to the complaint.

Petition for a rehearing overruled.