No. 7679.

## WARD ET AL. *v.* HAGGARD.

PROMISSORY NOTE.—*Contract of Assignor.*—The contract of an assignor of a promissory note, negotiable under the statute, but not governed by the law merchant, is a warranty that the maker is liable on the note and able to pay it.

JUDGMENT.—*Merger.*—A cause of action in suit is merged in the judgment rendered thereon.

SAME.—*Promissory Note.*—After judgment upon a promissory note, it can not be endorsed or assigned.

SAME.—*Assignment.*—*Liability of Endorsers of Note to Assignee of Judgment.*—*Statute Construed.*—The mere assignment of the judgment obtained by an assignee, against the makers, of a promissory note, negotiable under the statute, does not transfer to the assignee of such judgment the cause of action, theretofore existing, against the endorsers, upon

their endorsement to the assignee of the note on which the judgment was rendered. The cause of action to pursue remote endorsers, under the statute, 1 R. S. 1876, p. 635, is given to the assignee of the note itself, and not to the assignee of the judgment on the note.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson*, for appellants.
*W. D. Wallace*, for appellee.

Howk, C. J.—In this case the appellants, the defendants below, demurred to the appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court, and to this ruling the appellants excepted. They declined to answer further, and the court rendered judgment against them for the amount found due the appellee on his alleged cause of action, and his costs of suit.

From this judgment this appeal is prosecuted, and the only error assigned here by the appellants is the overruling of their demurrer to appellee's complaint.

In his complaint the appellee alleged, in substance, that, on the 12th day of September, 1871, one Erasmus M. Weaver promised to pay the appellants, who were partners under the firm name of J. H. & W. L. Ward, the sum of two hundred dollars, as evidenced by a certain promissory note, a copy of which was filed with said complaint; that afterward, on the 29th day of January, 1874, for value received, the appellants, as such partners, assigned said note to the defendant Reuben Taylor, in writing endorsed thereon, a copy of which endorsement, with a copy of the note, was also made a part of said complaint; that, on the 17th day of April, 1874, said Taylor. instituted a suit on said note against said Erasmus M. Weaver, at the April term, 1874, of the court below ; that, on the 12th day of October, 1874, a judgment was rendered by said court on said note, in favor of said Taylor and against said Weaver, for the sum of $244 ; that, on the 2d day of November, 1874, the said

Taylor assigned, in writing, his said judgment on the order book of said court to the appellee ; that, on the 13th day of January, 1875, the appellee caused an execution to be issued on said judgment and delivered to the sheriff of Tippecanoe county, which was afterward returned for an *alias* writ; that, on the 27th day of September, 1875, an *alias* execution on said judgment was issued to said sheriff, which was by him returned in writing, to the effect that he could find no property in his county whereon to levy said writ, and therefore returned the same, "no money made," January 17th, 1876 ; that said note and judgment were still wholly unpaid, and there was due the appellee, from the defendants the amount of said note, with interest thereon from its maturity ; and that said Erasmus M. Weaver was, at the time the appellants assigned the said note to said Reuben Taylor, and had since been, and then was, wholly and notoriously insolvent ; and that, by means of the premises, the appellee ought to recover of the appellants the amount of said note, with interest and attorney's fees. Wherefore, etc.

It may be conceded, we think, that the said Reuben Taylor, as the assignee of the note by the appellants, might have maintained an action against them upon their assignment, at least before his assignment of his judgment to the appellee, upon the ground of the insolvency of Weaver, as alleged, at and since the appellants' assignment of the note. For, the doctrine is settled by the decisions of this court, that the contract of an assignor of a note, negotiable under our statute, but not governed by the law merchant, is a warranty that the maker is liable on the note and able to pay it. *Howell* v. *Wilson*, 2 Blackf. 418 ; *Sering* v. *Findlay*, 7 Ind. 247 ; *Black* v. *Duncan*, 60 Ind. 522, on p. 532.

Taylor had a cause of action against the appellants, upon their assignment of the note, by reason of the insolvency of the maker of the note at and after the date of their assignment thereof. Taylor obtained a judgment against the

maker of the note, for the amount due thereon, and subsequently assigned his judgment to the appellee. The question for our decision, in this case, may be thus stated: By his mere assignment of his judgment to the appellee, did Taylor also assign and transfer to such assignee his cause of action, theretofore existing, against the appellants, upon their assignment to him of the note on which the judgment had been rendered? We are of the opinion, that this question ought to and must be answered in the negative. The effect of Taylor's assignment of the judgment to the appellee, under the provisions of the statute authorizing such assignment, was simply to vest the title to such judgment in the assignee thereof, and to enable such assignee to maintain, in his own name, any action on the judgment which the plaintiff therein might have maintained thereon. 2 R. S. 1876, p. 351. In construing the provisions of the statute referred to, in the case of *Reid* v. *Ross*, 15 Ind. 265, this court said: "The assignment simply transfers the judgment to the assignee, and no liability, as to the solvency of the judgment debtor, attaches, in the absence of fraud or express stipulation. We see no good reason why this transfer does not stand upon the same ground as the transfer of any personal chattel. * * * The settled law of the State, that an assignee of a note, having used due diligence to collect of the maker, may maintain his action against his endorser, has its foundation in express and positive legislation. No such legislation, however, is to be found in reference to the assignment of judgments; and we can not infer that the Legislature intended to place the assignment of judgments and promissory notes upon the same ground, as to the liability of the assignor. In the one case, they have provided for such liability; in the other, they have not."

It has often been decided by this court, that the cause of action in suit is merged in the judgment rendered thereon *Cissna* v. *Haines*, 18 Ind. 496; *Rawley* v. *Hooker*, 21 Ind.

144; *Ault* v. *Zehering*, 38 Ind. 429; *Gould* v. *Hayden*, 63 Ind. 443. Weaver's note, therefore, was merged in the judgment which Taylor recovered thereon. After judgment the note could not be endorsed or assigned. Daniel Neg. Instruments, sec. 728; *Wooten* v. *Maultsby*, 69 N. C. 462. If the note, after judgment, could not be directly assigned by written indorsement thereon, as surely it could not be, *a fortiori*, as it seems to us, it could not be assigned indirectly, by the mere assignment of the judgment in which it was merged, so that such assignee would have an action against the appellants, as remote endorsers of the note. We are of the opinion that the appellee, upon the facts stated in his complaint, was not and can not be regarded as the assignee of the note; and, under the statute, the cause of action is given, in such a case, to the assignee of the note itself, and not to the assignee of a judgment on the note. The cause of action, if any exists, has its origin in, and is governed by, the provisions of "An act concerning promissory notes," etc., approved March 11th, 1861; and this statute, we think, fails to provide for any such case as is made by the appellee's complaint. 1 R. S. 1876, p. 635. The statute does not in terms apply to judgments, but it is limited to instruments in writing, thereby made negotiable, and the rights and liabilities of the parties to such instruments. We can not extend the provisions of this statute, by construction, so that it would provide that the assignee of a judgment against the maker of a note, having used due diligence in the premises, etc., should have an action against any remote endorser of the note, before it was merged in the judgment. We know of no law, statutory or otherwise, in force in this State, which gave the appellee, as the assignee of the judgment on Weaver's note, an action against the appellants, as the remote endorsers of such note before its merger in the judgment.

Our conclusion is, that the facts stated in the complaint

were not sufficient to constitute a cause of action in favor of the appellee and against the appellants; and that, for this reason, the court erred in overruling the demurrer to such complaint.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.