No. 8811.

WILLSON *v.* BINFORD, ADMINISTRATOR.

SUPREME COURT.—*Practice.*—*Second Appeal.*—Where a judgment has been reversed and the cause remanded to the court below, and from the proceedings there had a second appeal is taken, such appeal brings before the Supreme Court, for review and decision, nothing but the proceedings subsequent to the reversal ; and none of the questions presented and decided on the first appeal can be re-heard or re-examined on the second appeal.

PROMISSORY NOTE.—*Mortgage on Real Estate.*—*Suit by Assignee against Indorser.*—*Due Diligence.*—*Insolvency of Maker.*—*Defences.*—Under section 5504, R. S. 1881, the assignee of promissory notes, not payable to order or bearer in a bank in this State, and secured by mortgage on real estate, having used due diligence in the premises, or where, by reason of the insolvency of the maker of the notes, due diligence would have been unavailing, may have his action against his immediate or any remote in-

Willson v. Binford, Administrator.

dorser of the notes, for any balance due or to become due thereon after the sale of the mortgaged premises ; and it is no defence to such action that the mortgaged premises depreciated in value between the time when the assignee might have enforced, and the time when he did enforce, the sale of said premises.

SAME.—*Assignor's Contract.*—*Sale of Mortgaged Premises.*—*Application of Proceeds.*—The contract of the assignor or indorser of a promissory note, negotiable under the statute of this State, but not governed by the law merchant, is a warranty that the maker is liable on the note and able to pay it. Upon the sale of mortgaged premises, the proceeds of the sale shall be applied, under section 639 of the civil code of 1852 (sec. 1104, R. S. 1881), first to the payment of the principal due, interest and costs, and then to the residue secured by the mortgage and not due; and an answer of the assignor, seeking a different application of the proceeds of sale from that prescribed in the statute, is bad on demurrer for the want of facts.

SAME.—*Want of Diligence.*—*Notes not Due.*—The assignee's failure to use due diligence in the prosecution of his judgment against the maker upon the notes then due, is no defence in the suit against the assignor upon the notes which afterwards became due.

SAME.—*Assignment of Mortgage Notes.*—*Judgment of Foreclosure.*—*Merger.*—In the judgment recovered by the assignee of notes secured by mortgage, against the maker thereof, for the foreclosure of the mortgage, there is no merger of the assignor's contract of assignment.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries, S. C. Willson, L. B. Willson, J. E. McDonald* and *J. M. Butler,* for appellant.

*A. D. Thomas, C. L. Thomas, P. S. Kennedy* and *W. T. Brush,* for appellee.

HOWK, J.—This is the second time this cause has been before this court. The opinion and judgment of the court, on the first appeal, are reported under the title of *Binford, Adm'r,* v. *Willson,* 65 Ind. 70.

It appears from the record that, on March 10th, 1870, one Cornelius Blair executed ten promissory notes, of that date, each in the sum of $230, payable respectively in one, two, three, four, five, six, seven, eight, nine and ten years after date, to the order of the appellant Willson, and secured by mortgage on real estate. These notes were endorsed by the appellant to the appellee's intestate. When the first four of

the notes had become due and were unpaid, in a suit for that purpose, the appellee obtained judgment thereon, and for the foreclosure of said mortgage. Subsequently, the mortgaged premises were sold by the sheriff, under an order of sale issued on said judgment, for a sum less than the amount adjudged to be due on the first four notes, and the proceeds of said sale were applied to the payment of the first four notes, and leaving the last six notes, and each of them wholly unpaid.

On the 9th day of April, 1877, the fifth, sixth and seventh of said notes being then past due, the appellee commenced this suit against the appellant, as the assignor of said three notes, in a complaint of three paragraphs. In each paragraph he counted upon the appellant's assignment by endorsement of a separate note. The appellant's demurrer to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and judgment was rendered accordingly. From this judgment the first appeal was prosecuted; and the only question then presented for the decision of this court was the sufficiency of appellee's complaint. Upon this question, the court then said:

" The complaint did not aver that execution had been issued and returned 'no property found' on the amounts, severally, which it was found in the decree of foreclosure would become due at stated periods (see 2 R. S. 1876, pp. 263, 264, secs. 635, 636, 637 and 639; *Skelton* v. *Ward*, 51 Ind. 46); but it did aver the utter insolvency of the maker of the notes at, before and after such stated periods or times, as an excuse for not causing such issues of execution, etc. This was sufficient. *Reynolds* v. *Jones*, 19 Ind. 123; *Roberts* v. *Masters*, 40 Ind. 461; *Markel* v. *Evans*, 47 Ind. 326." *Binford* v. *Willson, supra*. The judgment was reversed, and the cause was remanded, with instructions to overrule the demurrer to the complaint.

After the cause was remanded, on the 25th day of November, 1879, the appellee filed a supplemental complaint, in three paragraphs, in which he declared separately upon the appellant's assignments by endorsement of the last three notes, maturing respectively in eight, nine and ten years after date. The cause was then put at issue, and tried by the court, and a finding was made for the appellee, assessing his damages in the amount found due on said several notes. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment upon and in accordance with its finding.

In this court, the appellant has assigned, as errors, the decisions of the trial court, in overruling his demurrer to the original complaint, and in sustaining the appellee's demurrers to the second, third, fourth and fifth paragraphs of his answer, and in overruling his motion for a new trial.

On the former appeal of this cause, as we have seen, the original complaint was fully considered by this court, and held to be sufficient. The question as to the sufficiency of the original complaint can not, therefore, be regarded as an open one, and we must decline to give it any further consideration. *Dodge* v. *Gaylord*, 53 Ind. 365; *Test* v. *Larsh*, 76 Ind. 452.

In the second paragraph of his answer, the appellant alleged in substance, that when the first note secured by the mortgage became due, on March 10th, 1871, the fair cash value of the mortgaged premises was $3,000, and that the said premises were then an abundant security for the payment of all the ten notes and interest thereon; that if appellee's intestate had used proper diligence and foreclosed said mortgage at the first term of court after the first note became due as aforesaid, as she might have done, and sold the mortgaged premises, she would have realized therefrom, and had paid to her, the entire debt evidenced by the ten notes specified in said mortgage, and the interest thereon; that, instead of so doing, the appellee's intestate did not commence suit for the collection of said debt

and interest, until in April, 1874, and did not bring the mortgaged premises to sale until in July, 1874; that in the mean time, the mortgaged premises depreciated in value in the sum of $1,500, and that by means of the delay, laches and want of diligence of the appellee's intestate, the appellant was injured and had sustained damages in the sum of $2,000, which he set up, by way of counter-claim, against any sum that might be found due from him, as the assignor of the notes in the complaint mentioned.

The court committed no error, we think, in sustaining the appellee's demurrer to this paragraph of answer. It is true, that, under the code, the holder of a mortgage may proceed to foreclose the same whenever any part of the mortgage debt, or any interest thereon, is due and unpaid. It is true, also, that if the holder by endorsement of the mortgage debt, not payable to order or bearer in a bank in this State, would have his action against his immediate or any remote endorser, for the balance due, or to become due, on the mortgage, which may remain unsatisfied after the sale of the mortgaged premises, he must have used due diligence in the premises, or he must show that such diligence would have been unavailing. But we know of no rule of law, and the appellant's counsel have referred us to none, which would render the assignee of the mortgage debt liable in damages to the assignor, for the mere depreciation in value of the mortgaged premises, between the time when the assignee might have enforced the sale of said premises, and the time when he did enforce such sale. The appellant did not allege that the mortgaged premises were depreciated in value by any act of appellee's intestate, or that such depreciation was, or even might have been, foreseen or anticipated by said intestate. Indeed, it seems to us, that the appellant has alleged no fact, in the second paragraph of his answer, which constitutes any defence to appellee's action.

In the third paragraph of his answer, the appellant alleged

in substance, that by the laches and want of diligence of appellee's intestate, in commencing suit for the foreclosure of said mortgage, and in bringing the mortgaged premises to sale, until in July, 1874, the appellant was released and discharged from liability, as the assignor thereof, on the first four of the said notes maturing on and before March 10th, 1874, and on the interest then due on all said notes, amounting in the aggregate, of principal and interest, to the sum of $1,980; that at the date of the sale of the mortgaged premises, there only remained due, for principal and interest, on all of said notes, for which the appellant could, in any event, be made liable as such assignor, the sum of $1,380 with the interest thereon from March 10th, 1874, until the day of said sale in July, 1874; that, between the time when the mortgage might have been foreclosed, and the date at which it was foreclosed, the mortgaged premises depreciated in value to the amount of $1,500; and the appellee and his intestate knew all the time that said property was depreciating in value and being damaged by said waste, and took no steps to foreclose said mortgage or stop such waste, and the mortgage debt was drawing ten per cent. interest during all that time; that the appellee bid in the mortgaged premises at and for $1,500, and made by levy and sale of the property of said Cornelius Blair, other than the mortgaged premises, the sum of $106, making an aggregate sum of $1,606, which the appellee applied on said first four notes, but which sum, the appellant claimed, should have been applied first in discharge of his liability as such assignor.

The theory of this paragraph of answer, as we understand its allegations, is that the appellant, by his endorsement of the several notes described in the complaint, became liable thereon to appellee's intestate, as the qualified or conditional surety of the maker of said notes; that, by her failure to use "due diligence in the premises" as to each of the first four

notes, the appellee's intestate discharged and released the appellant from any liability to her, on each and all of the said first four notes; and that the appellant, as such surety, was entitled to have the proceeds of the sale of the mortgaged premises applied first to the payment of the last six notes, on which he remained liable as such surety, before any part of such proceeds should be applied on the first four notes, from which he had been released by the failure of appellee's intestate to use "due diligence in the premises." The contract of an assignor of a note, negotiable under the statute of this State but not governed by the law merchant, is a warranty that the maker is liable on the note and able to pay it. *Black* v. *Duncan*, 60 Ind. 522, on page 532; *Ward* v. *Haggard*, 75 Ind. 381. In section 4 of the act of March 11th, 1861, concerning promissory notes, etc., it is provided that the assignee of such a note, having used due diligence in the premises, shall have his action against his immediate or any remote endorser thereof. 1 R. S. 1876, p. 636; section 5504, R. S. 1881. So, where the maker of the note is insolvent, and no part of the debt could have been made, if judgment had been recovered and execution · issued thereon with due diligence, the assignee may have his action against his immediate or any remote endorser of the note, whether he has used due diligence in the premises or not. *Hubler* v. *Taylor*, 20 Ind. 446; *Markel* v. *Evans, supra.*

It seems to us, however, that the theory of this third paragraph of answer is in direct contravention of the provisions of section 639 of the code of 1852, which section controls the application of the proceeds of the sale of mortgaged premises, in such a case as the one stated in said paragraph. This section provides, that "If the mortgaged premises can not be sold in parcels, the court shall order the whole to be sold, and the proceeds of the sale shall be applied, first to the payment of the principal due, interest and costs, and then to the residue secured by the mortgage, and not due." Section

721, code of 1881; section 1104, R. S. 1881. Under these statutory provisions, the proceeds of the sale of the mortgaged premises were properly applied to the payment of the portion of the mortgage debt then due, and could not have been applied otherwise. We are of the opinion, therefore, that appellee's demurrer to the third paragraph of answer was correctly sustained.

In the fourth paragraph of his answer, the appellant alleged that the appellee had delayed the issue of any execution on the judgment rendered on the first four notes, for the space of forty-five days; and that for this want of due diligence in the premises, on the appellee's part, the appellant was discharged from liability as assignor of the six notes which were not then due. This question was presented by the appellant, on the first appeal of this cause, and the court then said: "On this point, he is clearly in error. That negligence only discharged him from liability, as assignor upon the notes then due, and the collection of which that negligence might affect. But that negligence could not affect the collection of the notes not then due." It follows, therefore, that the court did not err in sustaining the appellee's demurrer to the fourth paragraph of answer.

The appellant alleged, in the fifth paragraph of his answer, that the notes described in appellee's complaint were merged in the judgment against said Blair. We need not argue for the purpose of showing that this paragraph of answer did not constitute any defence to appellee's action. Certainly, there was no merger of the appellee's causes of action against the appellant, as the assignor of the notes, in the judgment rendered against the maker thereof, in an action wherein the appellant was not a party.

The only causes for a new trial, properly assigned in the motion therefor, were that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. The evidence is not in the record; and, therefore, we

can not say that the court erred in overruling the motion for a new trial.

The judgment is affirmed, with costs.

NOTE.—The appellant having died since the submission of the case, the judgment of this court will be rendered as of the November term, 1880, the date of such submission.