Schmied v. Frank.

No. 8859.

SCHMIED v. FRANK.

PROMISSORY NOTE.—*Endorser and Endorsee.*—*Endorser's Liability.*—*Pleading.* —In a suit by the endorsee against the endorser of a promissory note, an averment in the complaint that the maker of the note was, when it was assigned, and still is, " wholly insolvent, having no property subject to execution," sufficiently shows that a suit against the maker would have been fruitless, and was needless to charge the assignor.

SAME.—*Diligence.*—*Parol Agreement.*—*Evidence.*—*Mortgage.*—*Foreclosure Sale.* —*Value.*—A parol agreement and direction by the assignor, at the time of assigning a promissory note, that the assignee shall not sue the maker until requested, that the assignor would stand liable as such without suit until he gave notice to sue, is not void ; it does not vary the effect of the written endorsement, but merely fixes the degree of diligence required of the assignee to hold the assignor, and in a suit against the assignee is admissible in evidence, if alleged in the complaint; and, in such case, evidence by the assignee that land mortgaged to secure the note, which, on foreclosure not promptly obtained, sold for $1, was at the time of the assignment worth enough to satisfy the note and all older liens, is not admissible, and the sum realized by the sale must be taken as the value when sold.

SAME.—*Evidence of Insolvency.*—*Harmless Error.*—In a suit by the endorsee against the endorser of a note, evidence of reputation to prove the maker's insolvency is not admissible; but, if admitted, the error is harmless, where such insolvency is distinctly shown by proper evidence, without any opposing testimony.

SAME.—*Measure of Damages.*—The measure of damages, in a suit by the endorsee against the endorser of a promissory note, not negotiable by the law merchant, is the amount paid for the note with interest, and not the amount of the note itself.

HUSBAND AND WIFE.—*Agency.*— *Witness.*—*Evidence.*— *Confidential Communications.*—The conversations between husband and wife, whereby she constitutes him her agent to transact her business, are not confidential communications within the meaning of section 497, R. S. 1881, and either is a competent witness to prove them.

From the Switzerland Circuit Court.

*J. D. Works* and *J. A. Works*, for appellant.
*W. D. Ward* and *T. Livings*, for appellee.

MORRIS, C.—The appellee sued the appellant, as the endorser of a note, executed by James P. Schmied to the ap-

pellant, and by him sold and transferred to the appellee by endorsement.

The complaint contains three paragraphs. The first alleges the making and transfer of the note by the appellant to the appellee. It also avers that the note was sold and endorsed to the appellee after it became due; "·that said James P. Schmied then was and still is wholly insolvent, having no property subject to execution." A copy of the note and the endorsement is filed with and as part of this paragraph.

The second paragraph is like the first, except that it states, in addition to the facts stated in the first, that the appellant directed the appellee, at the time he endorsed the note to her, not to sue said note until notified by him to do so; and that it was agreed at the time between the appellant and the appellee, that the former, who claimed to be worth $20,000, would stand as endorser on said note without suit and execution, until he wanted to be released, when he was to notify the appellee to sue the maker; that he waived all diligence on the part of the appellee, and has never at any time notified her to sue the maker of the note.

It is further stated that the maker of the note and his wife, at the time the note was executed, executed a mortgage on certain real estate to the appellant to secure the note; that the mortgagors afterwards sold and conveyed the land so mortgaged to one Daniel Essman; that the appellee had foreclosed said mortgage, and bought in the mortgaged premises at sheriff's sale for $1; that she recovered judgment against the maker of the note, in the action brought to foreclose said mortgage, for $584.16, and costs; that execution had been issued on said judgment, and returned wholly unsatisfied; that she had paid costs in said action to the amount of $46.-94; that the appellant had notice of said suit against the maker of the note and others; that the maker of the note had claimed all the property he was possessed of as exempt from execution, had filed proper schedules, and that the property had been duly appraised and set off to him as exempt from execu-

tion by the sheriff, who had said execution so issued on said judgment.

The third paragraph of the complaint sets forth the same facts stated in the second, in somewhat greater detail; in substance the paragraphs are the same.

The appellant demurred separately to each paragraph of the complaint. The demurrers were overruled. The appellant answered the complaint by a general denial. The cause was submitted to a jury for trial, who returned a verdict for the appellee.

The appellant moved the court for a new trial for the following reasons:

1. Because the verdict is not sustained by sufficient evidence.

2. Because the verdict is contrary to law.

3. Because the damages are excessive.

4. Because the jury erred in assessing the amount of the plaintiff's recovery.

5. The court erred in refusing to allow the defendant to prove by James P. Schmied the value of the real estate upon which the mortgage was given to secure the note, the endorsement of which is sued on in this action.

6. The court erred in allowing the plaintiff to introduce in evidence the record, etc., of the foreclosure suit mentioned in the complaint.

7. The court erred in allowing the plaintiff to prove that the said James P. Schmied was reputed to be insolvent.

8. The court erred in refusing instructions asked by appellant.

9. The court erred in giving instruction one, asked by the plaintiff.

10. The court erred in giving instruction one on its own motion.

11. The court erred in allowing the deposition of Benjamin F. Frank to be read in evidence by the plaintiff.

The motion for a new trial was overruled by the court, and judgment rendered for the appellee. The rulings of the court

Schmied *v.* Frank.

upon the demurrers and upon the motion for a new trial are assigned as errors.

The appellant contends that the first paragraph of the complaint is bad, because it fails to show that proper diligence had been used by the appellee to collect the note from the maker; that the averment that the maker " then was and still is wholly insolvent, having no property subject to execution," is not sufficient to excuse the appellee from proceeding with due diligence against the maker. The appellant says that, " to excuse the suing of the maker, he must have been ' open and notoriously insolvent' at the time suit should have been brought against him."

The statement of any facts which show that a suit against the maker must have been unavailing will excuse the endorsee from suing the maker. "Open and notorious insolvency" is deemed equivalent to actual insolvency, and it is for this reason that such an averment is held to be sufficient. The averment of any other facts which show actual insolvency will be sufficient. Here it is alleged that the maker was wholly insolvent, and had no property subject to execution. This averment rendered a suit against the maker of the note unnecessary, in order to charge the endorser. *Reynolds* v. *Jones*, 19 Ind. 123 ; *Bernitz* v. *Stratford*, 22 Ind. 320. It is only where the maker has property subject to execution that a suit is necessary.

The word " then," as used in the complaint, refers to the time of the transfer of the note. The averment is, in effect, that the maker was, at the time the appellant endorsed the note, and still is, wholly insolvent, having no property subject to execution. This is equivalent to an allegation that the maker was continuously, from the time of the making of the endorsement to the commencement of the suit, totally insolvent and without property subject to execution. The averment was amply sufficient as an excuse for not suing the maker of the note. There was no error in overruling the demurrer to the first paragraph of the complaint.

Nor did the court err in overruling the demurrers to the second and third paragraphs of the complaint. It is alleged in both of these paragraphs, that the appellant agreed with the appellee, at the time he made the endorsement, that the note should not be sued on until requested by him. It is also averred in each that the maker of the note was insolvent, that judgment had been recovered against him on the note, execution issued, and returned unsatisfied.

The appellant insists that the agreement waiving suit against the maker was made contemporaneously with the written endorsement; that it was in contradiction of the written contract, and therefore void. Upon this question the authorities are not agreed; some of the earlier cases holding that parol evidence was inadmissible to establish such waiver. The great weight of authority is, however, the other way. Parsons says, in speaking upon the subject:

" Some of the earlier cases deny its admissibility, on the ground that the indorsement is a written contract that regular demand shall be made and notice given, which can not be waived by a contemporaneous parol agreement. But we do not think this to be law, and are of opinion that the evidence may be introduced, because the contract is, not that demand shall be made and notice given, but that due diligence shall be used; and evidence is admissible to prove that such diligence has been used." 1 Parsons Notes and Bills, 584 *et seq.; Barclay* v. *Weaver,* 19 Pa. St. 396 ; *Boyd* v. *Cleveland,* 4 Pick. 525 ; *Taunton Bank* v. *Richardson,* 5 Pick. 436 ; *Fuller* v. *McDonald,* 8 Greenl. 213 (23 Am. Dec. 499) ; *Drinkwater* v. *Tebbetts,* 17 Maine, 16 ; *Lane* v. *Steward,* 20 Maine, 98 ; *Edwards* v. *Tandy,* 36 N. H. 540 ; *Farmers' Bank* v. *Waples' Ex'r,* 4 Harrington (Del.) 429. These cases fully sustain the case of *Pollard* v. *Brown,* 57 Ind. 232.

Daniel says : " It is conceded on all sides that a verbal waiver is as effectual as a written one ; and the weight of authority sustains the proposition that a parol * * agreement between the parties that payment should not be demanded until after ma-

turity, is admissible to prove a waiver of demand and notice. Such evidence is not offered for the purpose of varying the written contract of endorsement, which is simply to pay the note after the exercise of due diligence against the maker, but to show that the parties have between themselves settled the amount of diligence to be required." 2 Daniel Neg. Inst. 1093. Authorities upon this point might be multiplied indefinitely. It is hardly worth while to say that there is no conflict between these cases and that of *Stack* v. *Beach*, 74 Ind. 571 (39 Am. R. 113) and the class of cases supporting it.

The appellant also contends that, as the note was secured by mortgage, it was the duty of the appellee to proceed to foreclose the mortgage within a reasonable time, and with due diligence. But if the agreement (see p. 8) set forth in the second and third paragraphs of the complaint was valid, it relieved the appellee from the duty of instituting any proceedings for the collection of the note, until required so to do by the appellant.

The appellant insists that the court erred in excluding evidence offered by him as to the value of the land mortgaged to secure the note. The appellee had shown that the mortgage had been foreclosed and the land sold at sheriff's sale for $1. The appellant offered to prove that the land mortgaged was worth, at the time the note was endorsed, $4,000, and that it was worth $1,000 over and above encumbrances. The offered testimony was excluded by the court. The appellant insists that, as the appellee failed to use due diligence, the offered testimony should have been admitted; that the appellee was liable for the value of the security at the time the endorsement was made, or when the mortgage should have been foreclosed. But the uncontradicted testimony in the case showed that, by the agreement of the parties, the appellee was under no obligation to foreclose the mortgage sooner than she did. The amount for which the land sold must be regarded as its true value at the time it was sold. *Markel* v. *Evans*, 47 Ind. 326.

The court allowed the appellee to prove, over the objection of the appellant, that the maker of the note was reputed to be insolvent at the time the note was endorsed and thereafter. This was error. But, as the maker himself testified to his insolvency, and there was no opposing testimony offered or given in the cause, the error was harmless. The admission of the improper evidence could not injure the appellant, nor would its exclusion have changed the result.

The appellant asked the court to instruct the jury as follows :

" If the note endorsed by the defendant was secured by mortgage on real estate, and the value of the real estate was such that the money could have been made out of the property, then the fact that the maker of the note was insolvent would not excuse the plaintiff from using due diligence in collecting the money by foreclosure of the mortgage."

In view of the evidence in the case, the court did not err in refusing to give this instruction. If the appellant had authorized delay in foreclosing the mortgage, then the instruction should not have been given. Benjamin F. Frank, the husband of the appellee, testified that the appellant wished to sell him the note in 1875 ; that he refused to buy it ; told the appellant that his wife, the appellee, had some money that she wished to put out ; that she would not buy the note, because the maker was worthless, and the land mortgaged was not worth the purchase-money due on it ; that Essman was also worthless ; that finally the appellant said he was worth $20,-000 ; " that I need not be afraid to buy the note, as I would hold him for it ; I told him that if he would stand on the note I would purchase it at a fair price ; he said he would do it, but did not want me to bring suit on it soon, for he would have to pay it himself ; that if the Dutchman, the purchaser of the mortgaged premises, had time he knew he would pay it, and that he was not afraid to risk him ; I then talked to my wife about the trade, and she told me to purchase it if I thought it safe ; I told her I considered Charles Schmied

perfectly good; I then purchased the note, made a discount equal to 12 per cent. interest on it for the first year; appellant did not want me to sue on it, for he knew he would have it to pay until the Dutchman was able to pay it."

There was no other or further testimony as to the circumstances attending the purchase of the note. The statements of the appellant, thus made, at the time the note was endorsed, authorized the delay of which he now complains, and justified the court in refusing to give the instruction asked.

The court, at the instance of the appellee, gave the following instruction to the jury:

"The mortgaged property having been sold for $1 at sheriff's sale, as proven by the sheriff's return introduced in evidence in this case, you must find that the property was worth but $1, and you can not go back of that sale to find its value."

As the evidence as to the amount for which the mortgaged premises sold consisted alone of the sheriff's return, there was no error in giving the above instruction. *Markel* v. *Evans*, 47 Ind. 326.

The appellant also insists that the court erred in overruling his motion to suppress the deposition of Benjamin F. Frank, the substance of which we have already stated. We think it appears from the deposition that the witness was acting for, and as the agent of, his wife, the appellee, in the purchase of said note, and that this was understood by the appellant. The statements made by the appellant to the witness had the same force and effect as if made to the appellee herself. Nor do we think the statements made by the witness to his wife, nor by her to him, in regard to the purchase, were confidential communications within the meaning of the statute, and therefore incompetent. The court did not err in overruling the motion to suppress the deposition.

The deposition of the appellee was also objected to by the appellant.

In answer to a question of her counsel, she stated that she

had authorized her husband, Benjamin F. Frank, to purchase for her the note in controversy. The question and answer were objected to on the ground that the answer disclosed communications between the parties as husband and wife. The objection was, we think, properly overruled.

The object of the statute of 1879, Acts 1879, p. 245, was not to impose additional restrictions as to the disclosure of communications between husband and wife, but to continue the law as it has long existed upon the subject. The authority given by the wife to the husband to transact her business, is not confidential, nor intended to be private. Such authority may be in writing or it may be verbal. It is intended to be known, and would be worthless unless known. There was no error in admitting the evidence.

The court, over the objection of the appellant, instructed the jury that if they found for the appellee they should allow her the amount of the note and interest. This was wrong. The proof showed that the appellee had purchased the note at about $60 less than was due upon it. She was entitled to recover the amount which she paid for the note and interest, not the amount due on it at the time and interest upon that sum. The note is not negotiable by the law merchant, so that the case falls within the decision in *Foust* v. *Gregg*, 68 Ind. 399, and cases there cited. For this error the case should be reversed, unless the appellee shall remit the sum of $60 within ninety days.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee, unless within ninety days she remit from the judgment the sum of $60; that upon such remission being made within said time by a proper statement filed with the clerk of this court, the judgment be affirmed.